IN THE MATTER OF:  ROY B. STUTTS, P. O. Box 184, LIBERTY, NORTH CARO-
LINA,   S. S. No. 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,

and

VUNCANNON HOSIERY MILLS, INC., P. O. Box 148, ASHEBORO, NORTH
CAROLINA,

and

BUNTING FULL FASHION HOSIERY MILL, ASHEBORO, NORTH CAROLINA,

and

EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA,
RALEIGH, NORTH CAROLINA.

(Filed 11 January, 1957.)

**Master and Servant § 60—**

Where the findings of the Employment Security Commission that at the
time of filing claim claimant was unemployed because of his misconduct
connected with his work, are supported by the evidence, such findings are
conclusive and support decision that claimant was disqualified for unem-
ployment benefits for nine consecutive weeks.  G.S. 96-14(b), G.S. 96-4(m).

JOHNSON, J., not sitting.

APPEAL by claimant from *Patton, S. J.,* May-June (A) Civil Term
1956 of RANDOLPH.

This proceeding arises out of a claim for unemployment compensation
filed with the Employment Compensation Commission of North Caro-
lina by Roy B. Stutts, a former employee of Vuncannon Hosiery Mills,
Inc.

The Employment Security Commission found from the evidence that
claimant was employed by Vuncannon Hosiery Mills, Inc., as a full
fashion knitter, that the night before he was discharged he had changed
the weights on his machine, that prior to that time he had made other
changes, all in disregard of the instructions of his employer, that such
changes made by claimant caused the machine to run bad work, and
as a result of having violated the instructions of his employer, he was
discharged.  The Commission concluded that claimant was discharged
for misconduct in connection with his work because it appears he wil-
fully and knowingly violated a reasonable rule of his employer that he
should not make any changes in the machine he was operating, but
that such changes were to be made by the fixer; that such wilful disre-
gard of the instructions of his employer constituted misconduct in
connection with his work, and makes him subject to disqualification as
a result of having been discharged by his employer.  The Commission
further found that since filing his claim, claimant has been able to
work and has sought work, with the exception of the weeks ending
16 January 1956 and 23 January 1956.

The Commission decreed that claimant was disqualified from receiving benefits for a period of nine weeks, beginning 22 November 1955 and continuing through 23 January 1956, that claimant is eligible for benefits beginning 24 January 1956 and continuing through 6 February 1956, and he shall thereafter be paid or denied benefits in accord with his claims record.

Upon appeal to the Superior Court the decision of the Commission was affirmed in all respects, and judgment was rendered accordingly.

From the judgment claimant appeals to the Supreme Court.

*Jerry M. Shuping for Claimant, Appellant.*

*W. D. Holoman, R. B. Billings, R. B. Overton and D. G. Ball for Employment Security Commission of North Carolina, Appellee.*

PER CURIAM. There is competent evidence in the Record to support the Employment Security Commission's findings of fact that claimant at the time his claim was filed, is unemployed, because he was discharged for misconduct connected with his work. Such a finding supports its conclusion and decision that claimant was disqualified for benefits for nine consecutive weeks. G.S. 96-14(b). Such findings of fact by the Commission supported by competent evidence are binding upon review. G.S. 96-4(m); *Employment Security Com. v. Smith,* 235 N.C. 104, 69 S.E. 2d 32.

The ruling of the Commission was affirmed in all respects on appeal to the Superior Court. It is supported by the language of the statute and the evidence. No reason appears to disturb the judgment below.

Affirmed.

JOHNSON, J., not sitting.