## Smolensky Unemployment Compensation Case.

Argued April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward Michael Smolensky,* appellant, in propria persona.

*Sidney Reuben,* Special Deputy Attorney General, (Assistant Attorney General), with him *Thomas D. Mc-Bride,* Attorney General, for appellee.

OPINION BY HIRT, J., June 11, 1957:

The claimant had been employed as a laborer on a part time basis for about a month and a half, when he filed for unemployment compensation benefits on July 11, 1955. In this employment up to the time of its termination he had earned only $36. Since he had not received in wages as much as eight times his weekly benefit rate, his right to compensation was dependent upon the validity of his separation from his prior employment. Section 401(f) of the Unemployment Compensation Law as amended, 43 PS §801.

Claimant had worked for Allied Electric Company for a number of years. His last day of work was December 30, 1954 when he was discharged for willful

misconduct connected with his work. The department store teamsters in Pittsburgh had been on strike for a period prior to that date. Claimant's work included the shipment of his employer's products by parcel post. He did not object to shipping merchandise to customers of Gimbels Department Store but he refused to ship to Gimbels direct when it was the consignee.

The Board of Review in affirming the referee found that claimant was discharged because of insubordination in refusing to comply with his employer's orders as to shipments of merchandise to Pittsburgh department stores; and concluded that he therefore was disqualified from receiving benefits "in accordance with the provisions of §402(e) of The Law in that his unemployment was due to discharge for wilful misconduct connected with his work." We have said that "wilful misconduct", as used in §402(e) of the Law, lacks legislative definition but has frequently been held by this Court to comprehend "an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe . . .": *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753, and cases cited therein.

The claimant's misconduct consisted in a breach of his duty to his employer and it was willful in that at one of the hearings he in effect admitted that he was in sympathy with the strike of the department store teamsters and that he refused to ship merchandise by parcel post to Gimbels for that reason. In passing it may be noted that as a result of his dismissal, claimant filed a grievance with his union, and that when the dispute went to arbitration, claimant's dismissal was upheld.

Decision affirmed.