AMERICAN STEEL FOUNDRIES, INC. *v.* THE REVIEW BD. OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,668. Filed June 7, 1968. No Petition for Rehearing filed.]

*Paul N. Rowe, Daniel E. Johnson* and *Baker & Daniels,* of counsel, of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *William E. Matheny,* Deputy Attorney General, for appellee.

SMITH, J.—This cause involves a proceeding before The Review Board of the Indiana Employment Security Division to determine the eligibility of the claimant, Kenneth E. Houston, for unemployment benefits under The Indiana Employment Security Act.

The issue in this proceeding is whether or not the claimant's discharge was for misconduct in connection with his work. If it was, the claimant would be subjected to the limitations of unemployment benefits under the terms of Section 1501 of The Indiana Employment Security Act (Chapter 208, Acts of 1947, as amended by Chapter 261, Acts of 1957; Burns' Indiana Statutes § 52-1539 (1964 Repl.)) which provides that an individual shall be ineligible for a portion of

his benefit rights if he was "discharged for misconduct in connection with his work." The claimant received six written reprimands between August 3, 1965, and January 20, 1966, and was discharged for violation of the appellant's rule forbidding receipt of five or more written reprimands within one year on pain of discharge.

The claimant's application for unemployment benefits was heard by a deputy of The Indiana Employment Security Division. The deputy determined that the claimant was discharged for misconduct in connection with his work. The claimant requested a hearing before an appeals referee. The referee reversed the above determination, holding that the claimant was discharged, but not for misconduct in connection with his work, and that, if otherwise qualified, the claimant was entitled to benefits from the date of discharge. The appellant, American Steel Foundries, Inc., then appealed to the appellee Review Board, which affirmed the referee's decision.

The pertinent part of The Review Board's decision is as follows:

"It further finds that the receiving of five reprimands cannot be held to be misconduct per se and it is incumbent on the employer, who has the burden of proof, to show that these reprimands were justified, i.e., to show that claimant's actions were in disregard of the best interests of the employer.

"It further finds that the employer failed to present any *firsthand evidence* concerning the validity of the charges contained in the reprimands.

"The Review Board concludes that the employer failed to sustain its burden of proof and show that claimant was discharged for misconduct in connection with his work.

"DECISION: The decision of the referee is hereby affirmed this 19th day of September, 1966". (Emphasis supplied).

The appellant asserts that the decision of The Review Board is contrary to law.

At the hearing before the referee, the only evidence offered by the appellant was its Exhibit #1. This exhibit was a xerox copy of a letter that was issued to Mr. Houston on January 21, 1966, the date he was suspended, setting out the six reprimands for violation of various plant rules. The letter was signed by Mr. R. L. Duncan, Personnel Supervisor for the appellant.

The appellant argues that The Review Board ignored this letter simply because it was not firsthand evidence; that the letter was competent evidence under the hearsay rule because its introduction was not objected to, that it comes within the "business records" exception to the hearsay rule, and because The Review Board is not governed by the statutory rules of evidence and other technical rules of procedure.

The appellant's main argument is that The Review Board completely failed to consider the letter as evidence and proof of the claimant's misconduct and that such refusal constitutes reversible error.

The appellee maintains that findings by The Review Board are ultimate findings of fact, and that this court can consider only the evidence most favorable to the decision of the Board; and that under these standards, the record fails to reveal error.

We are of the opinion that the letter, standing alone and without the support of additional evidence, was not sufficient to prove misconduct on the part of the claimant, nor does the record presented to our court contain sufficient evidence upon which we could base a fair decision. Because of this fact, our court entered the following order on March 7, 1968:

"CORRECTED ORDER REMANDING
FOR ADDITIONAL EVIDENCE"

"This cause involves judicial review of a proceeding before The Review Board of The Indiana Employment Se-

curity Division to determine the eligibility of the claimant, Kenneth E. Houston, for unemployment benefits under The Indiana Employment Security Act, Burns' Indiana Statutes, § 52-1539, *et. seq.* (1964 Repl.) ;

"And the Court, having heard the arguments of the parties and examined the record and briefs presented, finds that there is insufficient evidence of probative value on the issue of the alleged misconduct of appellee, Kenneth E. Houston, upon which this Court may base its decision, and this cause should be remanded for the taking of additional evidence, in accordance with Burns' Indiana Statutes, § 52-1542k (1964 Repl.).

"IT IS, THEREFORE, ORDERED that this cause be, and the same is hereby, remanded to The Review Board of the Indiana Employment Security Division for the taking of additional evidence before May 10, 1968.

"Such additional evidence shall be certified by The Review Board to the Appellate Court, to be used in the determination of this cause.

"The Clerk of this Court is directed to mail a copy of this order to counsel of record and all interested parties.

"Dated at Indianapolis, Indiana, this, the 7th day of March, 1968.

/s/ CHARLES W. COOK,
Presiding Justice".

On the 8th day of May, 1968, the Employment Security Board, in accordance with the foregoing order, filed a transcript of additional evidence with our court.

It is clearly demonstrated by an examination of the additional testimony given by the claimant's foreman, unit foreman, assistant general foreman, and personnel supervisor that he was guilty of repeated and direct violations of the appellant's published plant rules governing the conduct of employees.

From an examination of this additional evidence, and the law governing the discharge of an employee for disciplinary reasons, we are of the opinion that the decision of the Review

Board should be overruled and an order entered directing the Review Board to deny the petition for unemployment benefits.

The decision of the Review Board is overruled and the cause is remanded to The Review Board of The Indiana Employment Security Division with instructions to deny claimant's petition for benefits under The Indiana Employment Security Act pursuant to Burns' Indiana Statutes, § 52-1539 (1964 Repl.).

Cook, P. J., Bierly and Pfaff, JJ., Concur.

NOTE.—Reported in 237 N.E. 2d 263.