McNULTY, Judge.
Petitioner was fired from her employment and sought unemployment benefits pursuant to Ch. 443, F.S.A. Her claim for such benefits was denied by respondents for the stated reason that she was guilty of “misconduct” within the meaning of 443.06, F.S.A. She seeks review by certiorari.
Petitioner’s employer had procedural standards for the purchase of merchandise by employees. The record reflects that petitioner repeatedly made purchases without complying with these procedures. Admittedly, although these procedures were violated by other employees, others did not violate them as frequently as did petitioner. Notwithstanding, the record is devoid of any evidence otherwise which would support a finding of a willful intent to steal or an evil design. Furthermore, there is no support for a conclusion that petitioner was guilty of such a degree of negligence as to manifest a culpability constituting the equivalent of such a willful intent or evil design. At most, she was guilty of mere negligence or poor judgment which will not suffice to constitute “misconduct” warranting forfeiture of unemployment benefits within the purview of 443.06, F.S.A.[1]
Accordingly, certiorari is granted and the order of the Industrial Relations Commission of the Florida Department of Commerce, reviewed hereby, is quashed.
PIERCE, A. C. J., concurs.
MANN, J., dissents.

. See, Spaulding v. Florida Industrial Commission (Fla.App.1968), 154 So.2d 334.