IN THE MATTER OF: BALLARD C. COLLINGSWORTH, APPELLEE
— AND —
CONE MILLS CORPORATION, APPELLANT
— AND —
EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT

No. 7318SC15

(Filed 14 February 1973)

**Master and Servant § 108— unemployment compensation — refusal to wear ear protective devices — discharge for misconduct**

Claimant's discharge for wilful refusal to wear ear protective devices as required by employer policy made mandatory by the Occupational Safety and Health Act of 1970 constituted a discharge for misconduct connected with his employment within the meaning of G.S. 96-14(2), and the Chairman of the Employment Security Commission properly concluded that claimant was disqualified from receiving unemployment compensation for five weeks by reason of such discharge.

APPEAL by Cone Mills Corporation and the Employment Security Commission of North Carolina from *Exum, Judge,* at the 6 March 1972 Civil Session of GUILFORD Superior Court.

This action arises from a claim for unemployment compensation filed with the Employment Security Commission of North Carolina (Commission) by Ballard C. Collingsworth (claimant), formerly employed by Cone Mills Corporation (Cone Mills).

A hearing was held before the Chairman of the Commission following claimant's appeal from the Appeals Deputy's decision that claimant be disqualified for unemployment benefits for five weeks from 24 August 1971 through 27 September 1971 "because of separation." An appeal had been taken to the Appeals Deputy from a decision of the Claims Deputy who determined that claimant was disqualified from unemployment benefits for eleven weeks from 24 August 1971 through 8 November 1971 "because of separation."

The Commission chairman made the following findings of fact: Claimant had been employed by Cone Mills as a loom fixer at a $3.14 hourly wage for just over one year on 23 August 1971, the date of his discharge. He filed a claim for benefits on 24 August 1971 and this claim continued for one week. Throughout all its plants in compliance with a federal requirement, Cone Mills had adopted a policy whereby all

employees who worked in an area having a noise level of 90 decibels or more were required to wear some type of an ear protection device. Cone Mills provided four different types of ear protectors: a soft plastic insert, an ear muff, a silicone plug, and swedish wool. Climaint inserted soft plastic plugs in his ears for some thirty minutes and found them unsatisfactory. Terming the earplugs a "bunch of foolishness" he then refused to utilize any type of ear protection device. Cone Mills exempted an employee from this requirement if medical authority determined that the ear protectors "would be detrimental to a particular individual." Claimant refused to have a medical evaluation at Cone Mills' expense from an ear specialist of his choice. Cone Mills then offered to transfer claimant to a plant area where the noise level would be below 90 decibels. Claimant refused the transfer because his wages might be less than those of a loom fixer. Cone Mills' supervisor personnel held conferences with claimant and told him he would be discharged unless he wore ear protection devices or secured medical exemption. Claimant refused all suggested alternatives and was discharged.

The Commission chairman concluded as a matter of law that claimant was discharged for misconduct connected with his employment because he willfully and deliberately violated a company rule reasonably and necessarily imposed. The Commission chairman determined that pursuant to G.S. 96-14(2) such misconduct subjected claimant to disqualification from receiving unemployment insurance benefits for five weeks beginning 24 August 1971 through 27 September 1971.

Claimant appealed to the superior court which adopted *in toto* the findings of fact made by the Commission chairman but concluded that the discharge "resulted from an honest difference over company policy and not from any misconduct on the part of this employee." From judgment reversing the Commission chairman's decision, Cone Mills and the Commission appealed.

*Eugene G. Shaw, Jr., for claimant appellee.*

*McLendon, Brim, Brooks, Pierce & Daniels by Thornton H. Brooks; H. J. Elam III, and Charles P. Younce for Cone Mills Corporation appellant.*

*Howard G. Doyle, H. D. Harrison, Garland D. Crenshaw and D. G. Ball for Employment Security Commission of North Carolina appellant.*

BRITT, Judge.

By their assignments of error appellants contend the superior court erred in concluding that claimant's discharge was not due to misconduct and reversing the decision of the Commission chairman.

The facts found by the Commission chairman are supported by competent evidence and therefore are binding upon review. *In re Abernathy,* 259 N.C. 190, 130 S.E. 2d 292 (1963). Pursuant to G.S. 96-15(b)(2)(i) the superior court adopted these facts but concluded that upon the facts found claimant's behavior did not constitute "misconduct" within the meaning of G.S. 96-14(2) which in pertinent part provides: "An individual shall be disqualified for benefits . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work. . . ."

"Misconduct" is not defined within the statute and our research does not disclose a North Carolina decision defining the term in its industrial sense. In the case of *In re Stutts,* 245 N.C. 405, 95 S.E. 2d 919 (1957), the Supreme Court affirmed a superior court ruling which in turn had affirmed the Commission's conclusion that a claimant who had willfully disobeyed an employer's rule that he (claimant) not make weight changes in the machine he operated was discharged for misconduct connected with his work. "Misconduct" was not specifically defined in *Stutts* although presumably claimant's willful disobedience of his employer's rule amounted to misconduct.

Appellants contend that claimant's refusal to wear a protective ear device amounted to an intentional, willful violation of his employer's policy and interests and that such behavior must be termed "misconduct" as used in the industrial sense. We agree.

In their briefs, which indicate thorough research, appellants point out that their research failed to disclose a decision which has ruled on a discharge resulting from employee refusal to comply with employer policy made mandatory by the Occupational Safety and Health Act of 1970 (pursuant to which Cone Mills instituted its ear protection policy).

Our research, likewise, fails to reveal such a decision from any jurisdiction but apparently jurisdictions which have con-

sidered what constitutes "misconduct" sufficient to disqualify a discharged employee from receiving unemployment compensation " . . . sustain the rule that in order to constitute 'misconduct' . . . an act must show a wanton or wilful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent." *Sturges v. Administrator,* Unemployment Comp. Act, 27 Conn. Sup. 215, 234 A. 2d 372 (1966); *Abex Corp. v. Todd,* 235 A. 2d 271 (Del. Sup. 1967); *Earp v. Florida Department of Commerce, et al.,* 241 So. 2d 422 (Fla. App. 1970); *Oliver v. Creamer Heating & Appliance,* 91 Idaho 312, 420 P. 2d 795 (1966); *American Steel Foundaries, Inc. v. Review Bd. of Ind. E.S.D.,* 143 Ind. App. 12, 237 N.E. 2d 263 (1968); *Hall v. Doyal,* 191 So. 2d 349 (La. App. 1966); *Fresta v. Miller,* 7 Mich. App. 58, 151 N.W. 2d 181 (1967); *Barnum v. Williams,* 84 Nev. 37, 436 P. 2d 219 (1968); Claim of Heitzenrater, 19 N.Y. 2d 1, 224 N.E. 2d 72 (1966); *Harp v. Administrator, Bureau of Unemployment Comp.,* 12 Ohio Misc. 34, 230 N.E. 2d 376 (1967); *Troutt v. Carl K. Wilson Company,* 219 Tenn. 400, 410 S.W. 2d 177 (1966); *Fitzgerald v. Globe-Union, Inc.,* 35 Wis. 2d 332, 151 N.W. 2d 136 (1967). Annot., 146 A.L.R. 243 (1943).

Many cases have held or recognized that where an employee was discharged for disobeying "a reasonable directive" of his superior such behavior amounted to "insubordinate disobedience" or "misconduct" sufficient to prohibit an award of unemployment compensation. *Sayers v. American Janitorial Service, Inc.,* 162 Colo. 292, 425 P. 2d 693 (1967); *Rankin v. Doyal,* 223 So. 2d 214 (La. App. 1969); *Carter v. Michigan Employment Security Comm.,* 364 Mich. 538, 111 N.W. 2d 817 (1961); *Simonetta v. Catherwood,* 30 App. Div. 2d 1008, 294 N.Y.S. 2d 130 (1968); *Fritsche v. Unemployment Compensation Board of Review,* 196 Pa. Super. 574, 176 A. 2d 186 (1961); *Smolensky v. Unemployment Compensation Board of Review,* 183 Pa. Super. 344, 132 A. 2d 698 (1957). Annot., 26 A.L.R. 3d 1333, 1341 (1969).

One of the most widely quoted definitions of "misconduct" as it relates to unemployment compensation statutes was stated by the Wisconsin Court in *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941) and we quote it with approval:

" * * * [T]he term 'misconduct' [in connection with one's work] is limited to conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate

violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. * * *"

Cone Mills' imposition of the rule in the case at bar was not arbitrary but was in compliance with a federal requirement and must be considered reasonable since promulgated for health and safety purposes. Claimant does not argue that his violation of the rule was unintentional; the findings of fact fully support the conclusion that his refusal to obey the rule was deliberate.

For the reasons stated, we hold that the judgment of the superior court was erroneous and must be

Reversed.

Judges PARKER and VAUGHN concur.