BOOTH, Judge,
dissenting.
The question presented here is whether the employee was discharged “for misconduct” connected with her work and therefore ineligible under Florida Statute § 443.-06(1) for unemployment compensation benefits. I would reverse the order of the unemployment appeals commission and hold that the claimant is disqualified under the amendment to the statute effective July 1, 1977, wherein the legislature provided [§ 443.06(9)]:
“For the purposes of this section, misconduct includes, but is not limited to, . carelessness or negligence or such a degree or recurrence as to . . show an intentional 'and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.”
This enactment is in response to decisions such as Swope v. Florida Industrial Commission, 159 So.2d 653 (Fla.3d DCA 1964), holding violation of the employer’s rule which leads to discharge of the employee will not disqualify because the refusal did not amount to “misconduct”; Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963) holding failure of a grocery cashier to ring up promptly an exact amount payment received by her’ in violation of rule of employer, although it may have demonstrated inadvertence, negligence or poor judgment, did not amount to *1097 misconduct and Earp v. Florida Department of Commerce, 241 So.2d 422 (Fla.2nd DCA 1970) holding that an employee who violated her employer’s procedural standards for purchase of merchandise, and was at most guilty of mere negligence or poor judgment, had not committed misconduct disqualifying her from benefits.
The amendment is no more than a recognition of a basic principle of law that intent is inferred from the repeated and recurrent doing of a negligent or careless act. Here the employee was repeatedly warned about her carelessness which resulted in overages and shortages over a period of many months. The testimony was that she was capable of doing the work properly but was careless. Her carelessness was attributed to her habit of talking while she was counting the money and interrupting her count to talk on the phone. Since these are acts over which the claimant clearly had control, their repeated occurrence constitutes the type of carelessness and negligence which amounts to an intentional disregard of her duties and the' rights of her employer as provided by the statute.
The order of the appeals referee, which was affirmed by the commission, states:
“There is no question that the claimant was capable of doing the job, but still made errors in her work. The evidence presented does not indicate anything greater than possibly inefficiency on the part of the claimant. The claimant’s actions are not such that they could be considered as amounting to an intentional disregard of the employer’s interest
That ruling fails to properly apply the amended statute and should be reversed.