IN THE MATTER OF: JEFFREY CHAVIS, APPELLEE AND GUILFORD MILLS, INC., EMPLOYER AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT

No. 8118SC379

(Filed 2 February 1982)

**Master and Servant § 108.1— unemployment compensation—misconduct affecting discharge—denial of benefits proper**

Where an employee failed to report for work and upon questioning by his supervisor responded by raising his voice, saying "I am damn tired of being harassed" and where the employee continued to raise his voice at a meeting with his supervisor and other persons and was discharged, his behavior constituted "misconduct" within the meaning of G.S. 96-14(2), and the employee was not thereafter entitled to unemployment compensation.

Judge MARTIN (Robert M.) dissenting.

APPEAL by Employment Security Commission from *Collier, Judge.* Judgment entered 12 February 1981, Superior Court, GUILFORD County. Heard in the Court of Appeals 18 November 1981.

Jeffrey Chavis, employee of Guilford Mills, Inc., filed a claim for unemployment insurance benefits resulting from his having been discharged by his employer. A Claims Adjudicator for Employment Security Commission of North Carolina (hereinafter "the Commission") notified employee that "your being discharged from Guilford Mills, Inc., because your employer became dissatisfied with your attitude does not constitute misconduct in connection with the work." An Appeals Referee reversed this decision, and the reversal was affirmed by the Chief Deputy Commissioner. Employee appealed to the Superior Court which reversed the decision and remanded the matter to the Commission, finding that the Commission had not properly applied the law to the facts.

The pertinent finding of fact, accepted by employee on appeal, is as follows:

3. The claimant was discharged from his employment with Guilford Mills, because of his belligerent attitude toward his supervisors. On the claimant's last work day, he was asked by his supervisor why he had not been to work that previous

Saturday. Because the claimant had been excused the prior Saturday, the claimant had promised a supervisor that he would be in to work on Saturday, November 17, 1979. When the claimant's supervisor asked the claimant where he had been on Saturday, the claimant responded by raising his voice saying, "I am damn tired of being harassed. I want to talk to Chuck Hayes." The supervisor then brought the claimant into a meeting with the plant manager and assistant superintendent wherein the claimant continued to raise his voice at his supervisor and the other persons at the meeting when being talked to about his attitude at work. The claimant began accusing his supervisor and other employees of trying to pick up his girl friend who also worked at Guilford Mills. Considering the claimant's conduct and attitude on this morning, the claimant was discharged.

*R. Horace Swiggett, Jr., for employee appellee.*

*Gail C. Arneke, C. Coleman Billingsley, Jr., and William H. Guy, Staff Attorneys for Employment Security Commission of North Carolina, appellant.*

MORRIS, Chief Judge.

Appellant's sole assignment of error is that the Superior Court erred in finding that the Commission did not properly apply the law to the facts. The trial court concluded that upon the facts found, employee's behavior did not constitute "misconduct" within the meaning of G.S. 96-14(2), which provides that an individual shall not be entitled to unemployment compensation if his unemployment results from his having been "discharged for misconduct connected with his work."

This Court, in *In re Collingsworth*, 17 N.C. App. 340, 194 S.E. 2d 210 (1973), discussed at some length the meaning of "misconduct" as it relates to unemployment compensation. We quoted, with approval, the Wisconsin Court in *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636 (1941). There the Court defined "misconduct," as set out in the majority opinion, as "conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violations or *disregard of standards of behavior which the employer has the right to expect of his employee, . . . ..*"

In re Chavis

The evidence in this case indicates that the employee had been given the privilege of not reporting for work on a Saturday when he was supposed to work upon the condition that he work the next Saturday. He did not report the next Saturday but went to a ball game with no notification to his supervisor that he would not report for work. The supervisor approached him to determine why he had not reported for work as scheduled. Obviously, the supervisor had every right to make this inquiry. His responsibility to his employer required it. Rather than answering the perfectly legitimate question, the employee, in a loud voice, accused the supervisor of harassing him and demanded a conference with Chuck Hayes. The conduct continued in the conference, where the employee continued his accusations in a loud and belligerent voice, also accusing his supervisor and other employees of trying to pick up his girl friend, who also worked at Guilford Mills. It is clear to me that the conduct of this employee constituted complete disregard of standards of behavior which the employer has the right to expect of his employee. This is an intentional and substantial disregard of the employer's interest and is misconduct connected with his work within the meaning of the statute.

The Appeals Referee and the Commission, which adopted the Referee's decision, properly applied the law to the facts.

Reversed.

Judge HEDRICK concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

"Misconduct" is not defined within N.C. Gen. Stat. § 96-14(2), but our Court in *In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 210, 212-13 (1973) quoted with approval the following definition:

"[T]he term 'misconduct' [in connection with one's work] is limited to conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or

negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer . . ."

I agree with the trial court that the appellee's action in saying that he was tired of being harassed, raising his voice at supervisory personnel, and accusing the supervisor of trying to pick up appellee's girl friend do not meet this definition of misconduct. This conduct falls far short of the misconduct found in *Yelverton v. Furniture Industries*, 51 N.C. App. 215, 220, 275 S.E. 2d 553, 556 (1981) wherein the Court found that:

The claimant's actions in (1) threatening a fellow employee with bodily harm, (2) leaving his assigned work area for the avowed purpose of going to another work area to harass a fellow employee, and (3) picking up a wooden post in the course of an argument with the fellow employee, were sufficient to constitute "an intentional and substantial disregard of the employer's interests." They thus constituted "misconduct connected with his work" sufficient to disqualify him from receiving unemployment compensation benefits.

For these reasons, I hold that the judgment of the Superior Court should be affirmed.