IN THE MATTER OF: TIMOTHY G. HAGAN v. PEDEN STEEL COMPANY AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8110SC819

(Filed 18 May 1982)

**Master and Servant § 108.1— unemployment compensation—insolence toward supervisor—discharge for misconduct**

An employee's discharge for gross insolence toward his supervisor because he called the supervisor a "God-damned liar" constituted a discharge "for misconduct in connection with his work" within the meaning of G.S. 96-14(2), and the employee was thus disqualified for unemployment compensation.

APPEAL by defendants from *Brewer, Judge*. Judgment entered 3 June 1981 in Superior Court, WAKE County. Heard in the Court of Appeals on 31 March 1982.

This appeal arises from a claim for unemployment compensation filed with the Employment Security Commission (Commission) of North Carolina by Timothy Hagan (claimant), formerly employed by Peden Steel Company (employer).

The Commission made the following unchallenged findings of fact:

1. Claimant last worked for Peden Steel on November 25, 1980. From November 30, 1980 until December 6, 1980, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a).

2. Claimant was discharged from this job for gross insolence toward his supervisor.

3. On the last day of his employment his supervisor was discussing the claimant's performance record (progress report). Among other things, the supervisor made reference to such short comings on the part of the claimant relative to his job performance, i.e. among other things, too many visits to the toilet, staying in the toilet too long, hindering other people at their work.

4. During the course of the interview, the claimant addressed himself to the supervisor in the following manner,

"You are a liar—you are a God-damned liar." Thereupon the claimant broke off the conference and left the room where the progress report was being made. The claimant was subsequently discharged.

From these findings, the Commission "concluded that the claimant's actions . . . which precipitated his discharge contains [sic] the elements of misconduct" and that the "[c]laimant must, therefore, be disqualified for benefits" since he was "discharged from the job for misconduct connected with the work." Upon claimant's appeal to superior court, the court concluded that "[t]he findings of fact do not support the conclusion that claimant was discharged for misconduct," and reversing the Commission, ruled that "[c]laimant is not disqualified for unemployment benefits." Defendants appealed.

*No counsel for plaintiff appellee.*

*Poyner, Geraghty, Hartsfield & Townsend, by Cecil W. Harrison, Jr., for defendant appellant Peden Steel Company; and C. Coleman Billingsley, Jr. and V. Henry Gransee, Jr., for defendant appellant Employment Security Commission of North Carolina.*

HEDRICK, Judge.

In any judicial proceeding appealing a decision of the Employment Security Commission, "the findings of the Commission, as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." G.S. § 96-15(i). Even when the findings are not supported by the evidence, however, "where there is no exception taken to such findings, they are presumed to be supported by the evidence and are binding on appeal." *Beaver v. Crawford Paint Co.*, 240 N.C. 328, 330, 82 S.E. 2d 113, 114 (1954). In the present case, the findings of fact were not challenged and, hence, are conclusive; the sole question on appeal therefore is whether the findings of fact support the Commission's conclusion that the claimant was disqualified for unemployment compensation.

G.S. § 96-14(2) provides in pertinent part, "An individual shall be disqualified for benefits . . . if it is determined by the Commission that such individual is, at the time such claim is filed,

unemployed because he was discharged for misconduct connected with his work." "Misconduct," in the context of G.S. § 96-14(2), has been defined as "conduct which shows a wanton or wilful disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent." *Intercraft Industries Corp. v. Morrison,* 305 N.C. 373, 375, 289 S.E. 2d 357, 359 (1982). "Misconduct" may consist in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee. *In re Collingsworth,* 17 N.C. App. 340, 194 S.E. 2d 210. (1973). Although it has been stated that, "[o]rdinarily a claimant is presumed to be entitled to benefits under the Unemployment Compensation Act, but this is a rebuttable presumption with the burden on the employer to show circumstances which disqualify the claimant," *Intercraft Industries Corp. v. Morrison, supra* at 376, 289 S.E. 2d at 359, it has also been stated, "Each claimant is required to show to the satisfaction of the Commission that he is not disqualified for benefits under the terms of this section." *In re Steelman,* 219 N.C. 306, 310, 13 S.E. 2d 544, 547 (1941); *see also State ex rel. Employment Security Commission v. Jarrell,* 231 N.C. 381, 57 S.E. 2d 403 (1950).

Whatever party bears the burden of nonpersuasion with respect to the issue of disqualification, the conclusive findings of fact in the present case are that the "[c]laimant was discharged from this job for gross insolence toward his employer." The question of law presented by this appeal therefore resolves itself into the following: Is discharge for such insolence a "discharge[ ] for misconduct connected with [the employee's] work?" Such insolence does represent a wilful disregard by the employee of the employer's interest in maintaining a cooperative and harmonious employment environment. Supervisor-personnel relations are apt to deteriorate if personnel unjustifiably call their supervisors "God-damned liar[s]," and such offensive and insulting behavior by the employee is properly characterized as a deliberate violation of standards of behavior which the employer has the right to expect of his employee. Although an employee's insulting outburst towards a supervisor may in some provoking circumstance be understandable, the Commission in the present case negatived any mitigating factors with respect to claimant's behavior when it described his conduct as "gross insolence." The Commission's

findings of fact support its conclusion that the claimant was discharged for misconduct. *See In re Chavis*, 55 N.C. App. 635, 286 S.E. 2d 623 (1982). The judgment of the superior court is reversed and the cause is remanded to the superior court for the entry of an order reinstating the order of the Commission.

Reversed and remanded.

Chief Judge MORRIS and Judge VAUGHN concur.