ODESSA FORBIS, Plaintiff-Appellant v. WESLEYAN NURSING HOME, INC., and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Defendants-Appellees

No. 8426SC557

(Filed 19 February 1985)

**Master and Servant § 108.1— unemployment compensation—misconduct of employee**

　　Evidence was sufficient to support a decision by the Employment Security Commission that plaintiff was disqualified for unemployment compensation because she was discharged for misconduct connected with her work where the evidence tended to show that plaintiff was a laundry worker for defendant nursing home and that she stole a patient's clock. G.S. 96-14(2).

APPEAL by claimant from *Grist, Judge.* Judgment entered 27 February 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 January 1985.

*Legal Services of Southern Piedmont, Inc., by Marshall A. Swann, for claimant appellant.*

*Donald R. Teeter for defendant appellee Employment Security Commission.*

*No brief filed for defendant appellee Wesleyan Nursing Home.*

WHICHARD, Judge.

Claimant, a laundry worker for defendant nursing home, appeals from the judgment affirming the decision by defendant Employment Security Commission that she is disqualified for unemployment compensation because she was discharged for misconduct connected with her work. She contends the pertinent findings are not supported by competent evidence, and that the conclusion of law that she was discharged for misconduct connected with her work was therefore erroneous. We affirm.

The Commission made the following pertinent findings of fact:

2. The claimant was discharged . . . for theft [of] patient property.

3. . . . . [A] patient accused the claimant of taking the patient's clock.

4. Upon being confronted with the patient's accusation, the claimant produced the missing clock from her pocket and admitted taking it.

These findings are supported by the following competent evidence:

A witness for the employer testified that on the occasion in question she was paged to the employer's front office. She found claimant there with the director of nurses. The director stated that she caught claimant stealing a patient's clock. Claimant started to cry and said, "[P]lease don't fire me. I've never done anything like this before. I don't know what made me do it." This witness further testified: "[T]he patient . . . confirm[ed] what we are saying as far as the employee taking it. . . . [S]he could describe her from head to toe."

Because the foregoing evidence supports the above findings, the findings are conclusive on appeal. G.S. 96-15(i); *Yelverton v. Furniture Industries*, 51 N.C. App. 215, 218, 275 S.E. 2d 553, 555 (1981). *See also* G.S. 96-4(m). The sole remaining question is whether these findings sustain the conclusion that claimant was disqualified for benefits by virtue of G.S. 96-14 (Cum. Supp. 1981), which provides, in pertinent part:

An individual shall be disqualified for benefits:

. . . .

(2) . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because [s]he was discharged for misconduct connected with [her] work. Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of [the] employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to [the] employer.

*See also* (re: definition of misconduct) *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 375, 289 S.E. 2d 357, 358-59 (1982);

*Yelverton*, 51 N.C. App. at 218-19, 275 S.E. 2d at 555; *In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941) ).

That theft by a nursing home employee from a patient in the home constitutes willful or wanton disregard of the employer's interest, in disregard of standards of behavior which the employer has the right to expect of the employee, cannot be gainsaid. The findings therefore support the conclusion that "misconduct connected with [her] work" occasioned claimant's discharge, and her disqualification for benefits accordingly was appropriate.

Claimant argues that the judgment should be reversed because the Commission received hearsay evidence in the form of a written statement prepared by the employer's director of nurses, who was not present to testify. The Commission, however, is not bound by common law or statutory rules of evidence. G.S. 96-15(f). Further, the statement was corroborative of competent evidence presented, and the competent evidence alone sufficed to support the Commission's findings. We thus find this argument without merit.

Claimant also argues that the Commission erred or abused its discretion in finding her version of the facts, which suggested that the incident resulted from accident or mistake, "inherently incredible," when the Appeals Referee, who heard the evidence, had found in her favor. The Commission, however, is empowered to "affirm, modify, or set aside any decision of an appeals referee on the basis of the evidence previously submitted . . . ." G.S. 96-15(e). The evidence here fully justified a finding that claimant's version of the facts was "inherently incredible," and the Commission neither erred nor abused its discretion in so finding.

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.