IN THE MATTER OF: JOHN H. POTEAT v. EMPLOYMENT SECURITY COM-
MISSION OF NORTH CAROLINA AND LEON GILLIAM & SONS, INC.

No. 8615SC184

(Filed 15 July 1986)

1. **Master and Servant § 108— unemployment compensation—leaving work volun-
tarily and without good cause**

   N.C.G.S. § 96-14(1) disqualifies a claimant from receiving unemployment
   benefits only if the claimant left work (1) voluntarily *and* (2) without good
   cause attributable to the employer. The statute does not disqualify a claimant
   from receiving benefits if he leaves work involuntarily *or* leaves for good cause
   attributable to the employer.

2. **Master and Servant § 108— unemployment compensation—leaving work before
   termination date—no voluntary quit**

   A finding by the Employment Security Commission that claimant left
   work after being told that he would be terminated four days later does not
   support its conclusion that claimant left work voluntarily, and claimant was
   thus not disqualified by N.C.G.S. § 96-14(1) from receiving unemployment
   benefits. The 1985 amendment to N.C.G.S. § 96-14(1) did not apply to this case.

APPEAL by claimant from *Walker, Hal H., Judge.* Judgment
entered 12 November 1985 in Superior Court, ALAMANCE County.
Heard in the Court of Appeals 6 June 1986.

Claimant, John H. Poteat, was employed by Leon Gilliam &
Sons, Inc. as a truck driver for approximately fourteen months.
On Monday, 13 May 1985, claimant was told by his employer that
he would be terminated on Friday, 17 May 1985, but that he could
work until that date. Claimant left work at noon on 13 May and
filed a claim for unemployment benefits. The claim was initially
denied by an adjudicator for the Employment Security Commis-
sion. Claimant appealed and an evidentiary hearing was held
before an Appeals Referee, who ruled that claimant was dis-
qualified for unemployment benefits. Claimant then appealed to
the   Employment Security Commission. The Commission found
the following facts:

   2. The claimant left this job under the following cir-
   cumstances: About three (3) weeks before his last day of
   work, the employer had walked through the plant and said
   "he might let somebody go, he'd let somebody know to start
   with." Due to personal illness and court activities due to child

support responsibilities of his, the claimant had missed some work. Because of his missing work and not being dependable for regular work, on his last day of work the employer told him that he could be looking for another job, but he could work until Friday, May 17, 1985. When his request for a lay-off slip was denied, he worked until noon and left to look for another job, and also filed a claim for unemployment insurance benefits.

3. When the claimant left the job on Monday, May 13, 1985, continuing work was available for the claimant there until Friday, May 17, 1985.

Based on those findings, the Commission determined that claimant had left work voluntarily without good cause attributable to his employer and was, therefore, disqualified for unemployment benefits.

Claimant petitioned the Superior Court of Alamance County for judicial review. From a judgment affirming the Commission's decision, claimant appeals.

*North State Legal Services, Inc., by Carlene M. McNulty, for claimant appellant.*

*T. S. Whitaker, Chief Counsel, and Thelma M. Hill, Staff Attorney, for appellee Employment Security Commission of North Carolina.*

MARTIN, Judge.

Claimant assigns error to the entry of judgment, contending that "the evidence was insufficient to support the conclusion that [claimant] voluntarily left his job without good cause attributable to the employer." Claimant has taken no exception to the Commission's findings of fact; they are therefore presumed to be supported by the evidence and are conclusive on appeal. *In re Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 291 S.E. 2d 308 (1982). The scope of our review is limited to a determination of whether the Commission's findings of fact support its conclusion that claimant was disqualified for unemployment compensation pursuant to G.S. 96-14(1). We hold that they do not.

[1] The applicable provisions of G.S. 96-14(1) provide that a person who is "unemployed because he left work voluntarily without

good cause attributable to the employer" is disqualified from receiving benefits under the Employment Security Act. Provisions of the Act which impose disqualifications for its benefits must be strictly construed in favor of the claimant. *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968). Accordingly, we construe the above quoted provisions of G.S. 96-14(1) to disqualify an employee from benefits only if both prongs, i.e., (1) a "voluntary quit" *and* (2) without good cause attributable to the employer, are met. If a person leaves work involuntarily, *or* leaves for good cause attributable to the employer, he is not disqualified from benefits provided he meets the other requirements of the Act. *Ray v. Broyhill Furniture Industries*, 81 N.C. App. 586, 344 S.E. 2d 798 (1986).

[2] Claimant contends that because he was told of his impending discharge, his leaving work four days earlier than the effective date of his discharge was not voluntary. He cites *Bunn v. N.C. State University*, 70 N.C. App. 699, 321 S.E. 2d 32 (1984), *disc. rev. denied*, 313 N.C. 173, 326 S.E. 2d 31 (1985) in support of his contention. In *Bunn*, claimant was told by her supervisors that she was not qualified for the job, that her work was "pitiful," and that she would be discharged at the end of the month. As a consequence of these statements, claimant decided that she could not return to work. Her claim for unemployment benefits was denied by the Commission, based upon its application of G.S. 96-14(1) to the facts. This Court reversed, holding, in essence, that neither prong of the test of disqualification under G.S. 96-14(1) was met. First of all, the Court said, claimant's leaving was not voluntary, because even though she made the choice not to return to work, her decision was not "entirely free, or spontaneous." *Id.* at 702, 321 S.E. 2d at 34. "[A]n individual's decision to leave work when informed of an imminent discharge . . . is a consequence of the employer's decision to discharge and is not wholly voluntary." *Id.* Second, the Court held that Mrs. Bunn acted reasonably in seeking other work, in view of the humiliation and embarrassment of knowing that her supervisors had characterized her work as "pitiful," so that her leaving was "with good cause attributable to the employer."

G.S. 96-14(1) has since been amended to provide that "[w]here an employer notifies an employee that such employee will be separated on some definite future date for lack of available work, the

impending separation does not constitute good cause for quitting that employment. . . ." (Session Laws 1985, chap. 552, sec. 12, eff. 1 July 1985.) Neither the effective date of the amendment nor its substantive provisions render it applicable to this case.

No question of "good cause attributable to the employer" arises upon the evidence or the facts found by the Commission in this case. The sole question is whether the Commission's finding that claimant left work after being told that he would be terminated four days in the future supports its conclusion that he "left work voluntarily." Following *Bunn, supra,* as we are bound to do, we hold that G.S. 96-14(1) does not bar claimant from receiving benefits. The judgment of the Superior Court affirming claimant's disqualification must be vacated.

For the foregoing reasons, the judgment of the Superior Court of Alamance County is vacated and this cause is remanded to that court for entry of an order remanding the cause to the Employment Security Commission for an award of benefits.

Vacated and remanded.

Judges PHILLIPS and PARKER concur.