PER CURIAM.
The appellant, Shari Klein, appeals from the appeals referee’s determination reversing the award of unemployment compensation to Klein. We reverse the referee’s determination and reinstate the award.
Shari Klein was employed as an activities assistant by CHR Associates, which operates a nursing home. After two years in that position, Klein’s employment was terminated. Klein filed for unemployment compensation, which was granted. CHR Associates appealed the award of unemployment compensation. The Unemployment Compensation Appeals Bureau’s referee reversed Klein’s award. Klein appeals.
This court must accept the findings of fact of the appeals referee, which are supported by substantial competent evidence in the record. Section 120.68(10), Fla.Stat. (1989). The appeals referee concluded, however, that the actions that led to Klein’s dismissal constituted. “misconduct connected with her work.” If that were so, Klein could be denied unemployment compensation benefits. Section 443.101, Fla. Stat. (1989). But we are not persuaded that Klein’s actions rise to the level of “misconduct” within the intended meaning of section 443.036(26), Florida Statutes (1989), as to bar her from receiving unemployment benefits. See Daniels v. Florida Unemployment Appeals Comm’n, 531 So.2d 1047 (Fla. 2d DCA 1988); Langley v. Unemployment Appeals Comm’n, 444 So.2d 518 (Fla. 1st DCA 1984); Earp v. Florida Dep’t of Commerce Indus. Relations Comm’n, 241 So.2d 422 (Fla. 2d DCA 1970).
Reversed.