IN THE MATTER OF GENEVA H. THOMAS, AND DY-DEE SUPPLY COMPANY, INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 116

(Filed 16 June 1972)

1. **Master and Servant § 108— unemployment compensation — availability for work — quantum of proof**

   The Employment Security Commission erred in requiring a 70-year-old claimant for unemployment compensation to show by clear, cogent and convincing evidence that she had re-entered the labor force after having voluntarily retired from her job as a laundry worker, the claimant having the burden to show that she was "available for work" only by the greater weight of the evidence. G.S. 143-318(1).

2. **Master and Servant § 111— Employment Security Commission — findings — appellate review**

   Findings by the Employment Security Commission are conclusive on appeal if supported by competent evidence.

APPEAL by the Employment Security Commission from the decision of the Court of Appeals reported in 13 N.C. App.

513, 186 S.E. 2d 623. The decision purports to reverse the judgment entered by *Kivett, J.* at the June 7, 1971 Session, FORSYTH Superior Court. The case is here for review by reason of the dissent in the Court of Appeals.

The proceeding originated by claims for unemployment benefits filed by Geneva H. Thomas before the North Carolina Employment Security Commission under G.S. 96-1 to 96-27, inclusive.

The claimant, Geneva H. Thomas, was employed as a laundry worker by Dy-Dee Supply Company in Winston-Salem. She voluntarily retired on June 10, 1970, at the age of seventy years, after having completed twenty years of service with the same employer. The employer did not provide retirement pay for its employees. At the end of the first week following her retirement, Mrs. Thomas began filing with the Employment Security Commission weekly claims for unemployment benefits. After full hearing, the Commission on March 9, 1971, by Decision No. 4300 denied the claims on the ground the claimant had not shown her eligibility to receive them.

In support of her claims, Mrs. Thomas testified she worked as a laundry hand in Dy-Dee Supply Company for twenty years. In 1962 she became eligible for and received Social Security payments of $89.00 per month. She worked at her job only a sufficient number of hours so that her regular pay did not exceed $1,680.00 annually. Hence she was eligible for the full annual payment of Social Security benefits. She retired voluntarily because she was seventy years old although at the time she was in good health which has continued to the present time.

At the conclusion of the hearings the Commission entered among others the following findings:

"4. The claimant is 70 years old, has a fifth grade education and her work history indicates that she has worked as a laundry hand the past twenty years. Prior thereto, she had some experience as a worker in a tobacco factory. She has no other work experience. The claimant lives with and cares for a 54 year old retarded daughter. The claimant is not altogether certain she can arrange care for her daughter should she find employment.

"5. The claimant earned $1.45 per hour at the laundry at the time of her retirement. Additionally, since 1962, the claimant has received social security (OASI) benefits and the current monthly benefit is $89.00. Under social security regulations, pensioners under 72 years of age are permitted to earn a maximum of $1,680.00 annually without having their monthly benefits reduced. The claimant testified that she has not earned more than $1,680.00 in any year since 1962.

"6. Due to the claimant's advanced age, limited skills, and fifth grade education, the likelihood of her obtaining employment is reduced by about 95 percent. In the Winston-Salem area, employers do not customarily employ persons 70 years of age."

Among the Commission's conclusions were the following:

"In the instant case, the record indisputably shows that the claimant became unemployed voluntarily; that she voluntarily quit her job in order to retire on June 10, 1970. Insofar as the record shows, she could have continued working for her last employer had she desired further employment. This notwithstanding, on June 17, 1970, precisely one week after her retirement on June 10, 1970, the claimant filed a claim for unemployment insurance benefits. It is difficult to reconcile the claimant's alleged availability in the labor market on June 17, 1970, (as indicated by her filing of the claim) with the fact that she voluntarily quit her employment on June 10, 1970, for the avowed purpose of retirement.

"The claimant received no retirement pay or pension from her last employer, but she has been receiving monthly social security (OASI) benefits in the sum of $89.00 since 1962, some eight years prior to her retirement. Under the laws and regulations governing the payment of these benefits, the recipient under the age of 72 years is permitted to earn a maximum annual wage of $1,680 before her monthly benefit amount is reduced. In this case, the claimant has testified under oath that she has not earned in excess of $1,680 per year in any year since 1962. She has further testified that she earned $1.45 per hour at her last employment prior to her retirement.

"Assuming a normal forty hour work week for fifty weeks at $1.45 per hour, the claimant would have earned approximately $2,900 per annum from her last employer. Inferentially, then, the claimant was a part-time or seasonal worker. Since the claimant apparently has worked under such an arrangement since 1962, it challenges credulity to assume that the claimant has, at age 70, made herself available for FULL-TIME work, a prime requisite of eligibility.

\* \* \* \* \* \* \* \* \* \* \*

"The claimant's act of voluntarily retiring from gainful employment raises a strong presumption that she is no longer in the labor market. It must be shown by clear, cogent, and convincing evidence that she is available for work under the law. This has not been done in this case.

\* \* \* \* \* \* \* \* \* \* \*

"Considering the fact that the claimant voluntarily relinquished her employment to retire when she could have continued working, it is concluded that the claimant is not realistically an active member of the labor force. She is therefore not available for work and is ineligible for benefits.

"DECISION: It is now, therefore, ordered, adjudged, and decreed that:

"(1) The claimant is ineligible for benefits from November 4, 1970, through January 19, 1971; . . . "

Upon the claimant's appeal to the superior court, Judge Kivett affirmed the decision of the Commission. The claimant appealed to the North Carolina Court of Appeals.

The panel of the Court of Appeals which heard the case filed three separate opinions. What purported to be the decision of the Court written by Judge Hedrick recites:

"For the reasons stated, the judgment of the superior court affirming the decision of the Employment Security Commission is reversed and the case is remanded to the superior court for the entry of an order remanding the proceeding to the Employment Security Commission with directions that the Commission make a conclusion with respect to whether the claimant was available for work from 4 November 1970 through 19 January 1971, based on the

facts already found and not inconsistent with the principles expressed in this opinion."

Judge Hedrick's opinion ordered the judgment of the superior court reversed and remanded for decision in accordance "with the principles expressed in this opinion." The Commission appealed.

*Thorns Craven The Legal Aid Society of Forsyth County for claimant appellee.*

*D. G. Ball, Garland Crenshaw, Howard G. Doyle, H. D. Harrison, Jr. for appellant.*

*Moore and Van Allen by William K. Van Allen and R. Michael Childs, Attorneys for Associated General Contractors of the Carolinas, Associated Industries, Capital Associated Industries, Central Piedmont Industries, North Carolina Textile Manufacturers Association, Piedmont Associated Industries, Western Carolina Industries, Inc., and Western Carolina Manufacturers Association, Amici Curiae.*

HIGGINS, Justice.

Judge Hedrick's opinion, and the partial dissents by Judge Graham and by Chief Judge Mallard, are before us. Judge Graham dissented from the Hedrick opinion "which directs the Commission to enter an order awarding benefits." With respect to the claimant's rights, Judge Graham concluded: "When she quit her job to retire, claimant removed herself from the labor market. Whether she thereafter re-entered the labor market and became 'available for work' is a question which still must be determined by the Commission." This is apparently so because of the quantum of proof required.

Chief Judge Mallard concurring in part and dissenting in part, expressed the view the Employment Security Commission's findings and conclusions are correct except in one particular:

"The Commission, however, in its 'conclusions of law,' stated the degree of proof it used in finding the facts, as follows: 'It must be shown by clear, cogent, and convincing evidence that she (claimant) is available for work under the law. This has not been done in this case.' This was error. The degree of proof required is by the greater weight of the evidence. See G.S. 143-318 (1)."

"Had the Commission found the facts by the greater weight of the evidence, it is my opinion that its legal conclusions are correct and that the claimant 'is not realistically an active member of the labor force,' and '(s)he is therefore not available for work and is ineligible for benefits.' "

To what extent Judge Hedrick's opinion is a majority opinion of the panel seems open to some question. It does appear from the separate opinions of Judge Graham and Chief Judge Mallard that an order reversing the superior court and directing that judgment be entered as directed in the opinion is not warranted.

[1]  The record before us, in our opinion, discloses the Commission committed error of law in requiring the claimant to show by clear, cogent, and convincing evidence that she had re-entered the labor force after having voluntarily retired. The question before the Commission was whether the claimant at the times covered by her claims for benefits was "available for work" and the burden was on her to show such availability, but only by the greater weight of the evidence. The Commission's requirement, therefore, placed too great a burden on her. As pointed out by Chief Judge Mallard, G.S. 143-318(1) requires the State agencies and boards charged with the duty of finding facts to observe the rules of evidence "as applied in the superior and district courts." In the superior court, except in extraordinary cases, the burden of proof is by the greater weight of the evidence. Proof beyond a reasonable doubt is confined to criminal offenses. Proof by clear, cogent, and convincing evidence is required to establish parol trusts, contents of lost documents, and such matters. *McCorkle v. Beatty,* 226 N.C. 338, 38 S.E. 2d 102; *Williams v. Building and Loan Asso.,* 207 N.C. 362, 177 S.E. 176.

[2]  After a careful review of the record we conclude that the hearing and decision of the case by the Employment Security Commission and by the Superior Court of Forsyth County were in accordance with law and were free from error save and except the placing of an undue burden on the claimant, Mrs. Thomas, to show by clear, cogent, and convincing evidence that she has become "available for work under the law." The Commission's error, in the quantum of proof required, is directly

challenged by Assignment of Error No. 5. Because of the error in so placing too great a burden upon her, the Employment Security Commission will review the proceeding and determine by the greater weight of the evidence whether the claimant has established the fact that she is available for work. The Commission will make disposition of the claims for benefits in accordance with the findings. *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1; *Dwyer v. Appeal Board of Michigan Unemp. Comp. Com'n.,* 321 Mich. 178, 189, 32 N.W. 2d 434, 438; *Weiner v. Director of Division of Employment Sec.,* 327 Mass. 360, 99 N.E. 2d 57; *Mohler v. Department of Labor,* 409 Ill. 79, 97 N.E. 2d 762. The Commission's findings if supported by competent evidence are conclusive on appeal. *In re Steelman,* 219 N.C. 306, 13 S.E. 2d 544; *Unemployment Comp. Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4; *Employment Security Comm. v. Freight Lines,* 248 N.C. 496, 103 S.E. 2d 829.

The decision of the Court of Appeals, to the extent it conflicts with the disposition herein directed, is reversed and the cause will be remanded to the North Carolina Employment Security Commission for further hearing and disposition as herein directed.

Reversed and remanded.