IN THE MATTER OF: JAMES R. YARBORO, Claimant and COLLINS AND AIKMAN CORPORATION and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 789SC638

(Filed 4 September 1979)

**Master and Servant § 108.2— unemployment compensation—plea of guilty to criminal charge—prayer for judgment continued—unavailability for work**

Where a claimant for unemployment compensation pled guilty to a charge of selling a controlled substance on 8 September 1975, prayer for judgment was continued until January 1976, and claimant testified that he was unsuccessful in finding work because prospective employers were waiting to see what his sentence would be, the Employment Security Commission could properly find that claimant had placed such an impediment in the way of his being employed that he was not "available for work" during the time he was awaiting sentencing.

Judge MARTIN (Robert M.) dissenting.

APPEAL by the Employment Security Commission of North Carolina from *Lee, Judge.* Judgment entered 22 May 1978 in Superior Court, PERSON County. Heard in the Court of Appeals 30 March 1979.

James R. Yarboro was employed by Collins and Aikman. On 8 September 1975 he pleaded guilty to selling a controlled substance. Prayer for judgment on his sentence was continued until January 1976 at which time he received a suspended sentence. Yarboro was discharged by Collins and Aikman the day after his arrest. He was unsuccessful in finding work and he testified "the reason I'm not being hired is because they are waiting to see what my sentence will be." The Employment Security Commission held that by pleading guilty to a criminal charge with a prayer for judgment continued, the claimant had placed such an impediment in the way of his being employed that he was not available for work during the time he was awaiting sentencing. The superior court reversed the Employment Security Commission. The Commission has appealed.

*Gail C. Arneke, Howard G. Doyle, Garland D. Crenshaw, Thomas S. Whitaker and V. Henry Gransee, Jr., by Gail C. Arneke, for appellant Employment Security Commission of North Carolina.*

*No counsel for Collins and Aikman Corporation.*

*No counsel for James R. Yarboro.*

WEBB, Judge.

This appeal poses the question of whether the Employment Security Commission's finding that claimant was not available for work should have been reversed by the superior court. We hold that the superior court committed error in reversing the Employment Security Commission.

G.S. 96-13 provides:

(a) An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that —

\*   \*   \*

(3) He is able to work, and is available for work. . . .

We can find no cases on all fours with the case sub judice. The term "available for work" has been construed in other contexts in several cases. *See In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968); *In re Thomas,* 281 N.C. 598, 189 S.E. 2d 245 (1972), and *In re Beatty,* 286 N.C. 226, 210 S.E. 2d 193 (1974). We believe that to be available for work a person must be in a position so that prospective employers will hire him for work of which he is capable of performing. In this case the claimant testified that he was not hired because prospective employers were "waiting to see what my sentence will be." We hold that the Commission could conclude from this that claimant was not in a position that prospective employers would hire him and he was not "available for work."

We reversed the judgment of the superior court and remand this case for the entry of a judgment conforming to this opinion.

---

In re Yarboro

---

Reversed and remanded.

Judge MITCHELL concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

The question for decision is whether the claimant, having pled guilty on a narcotics charge and awaiting sentence thereon, is, by reason of the impending sentence, ineligible for benefits under the Employment Security Law of North Carolina, on the ground that during the time of his unemployment he was unavailable for work. There is no hard and fast rule as to what constitutes "availability" within the meaning of the statute providing that an individual must be available for work in order to be entitled to employment compensation benefits. Availability for work depends largely on the facts and circumstances of each case. Under the facts in this case I think claimant was entitled to benefits and I dissent from the majority opinion.

The Commission found that claimant suffered no disqualification because of his separation from Collins and Aikman Corporation. The decision of the Commission that he was ineligible to receive benefits from 6 July 1975 through 24 January 1976 rested wholly and solely on the conclusion that the claimant, in "his dealing with illegal drugs and in his guilty plea to that charge, voluntarily placed upon his availability an impediment so great that it rendered him beyond consideration by the employers in the area and, therefore, unavailable for work as availability is contemplated by the Employment Security Law."

Claimant had been employed by Collins and Aikman Corporation for two years, and last worked on 7 July 1975. He was charged with distributing and manufacturing L.S.D. early in the month of July 1975. The employer had a policy which provided that anyone arrested for drug charges would be suspended until the trial. If found guilty, they would be terminated; if acquitted, they would be reinstated. On 8 September 1975, the claimant pleaded guilty to the charge of selling L.S.D. and the other charges were dropped. He was given a "prayer for judgment continued" until January at which time he was to be sentenced.

Claimant is a high school graduate and attended college for three years. He is married and knew of no reason that would keep him from going to work if suitable employment was offered. When asked why employers were reluctant to hire him, claimant stated: "Some of them wouldn't want to hire me whether or not I would be getting a prison sentence or not, some of them wouldn't want to hire me just because I'd gotten involved. Some of them would hire me if they thought I would be here to work, you know."

The reason for the trial court's postponing the sentencing of claimant is not explained. I concede that, as here, where the Commission concluded that claimant suffered no disqualification because of his separation from his employer, he may still be held ineligible for benefits because of unavailability.

I do not concede that the evidence before the Commission shows that claimant, in his dealings with illegal drugs and in his guilty plea to that charge, voluntarily placed upon his availability an impediment rendering him beyond consideration by employers. The question is whether the impending drug charge limits the work which claimant can accept to such a degree that he is no longer genuinely attached to the labor force.

"The availability for work requirement has been said to be satisfied when, and only when, an individual is willing, able, and ready to accept suitable work or employment, whether permanent, temporary, full-time, or part-time, which he does not have good cause to refuse." 81 C.J.S. § 259. The evidence is abundantly clear that claimant is able and willing to work and has actually searched for work.

The court, in delaying sentencing of claimant for approximately four months, most likely was considering some type of probation or suspension of sentence. The ability of the accused to secure and maintain employment during that four-month period would furnish insight to the court into his likelihood of future adjustment. Release on probation or suspension of sentence would be more readily indicated if successful work adjustment could be visualized.

It is contrary to experience that an employer would withhold employment to the claimant under the facts of this case on the

premise that he may be required to serve a prison sentence. Employers throughout the State have cooperated with the courts in providing job opportunities for defendants to be placed on probation or released on conditions. To say that an accused is unavailable for employment because of an impending charge when the court is obviously seeking a means of rehabilitation without incarceration may meet the technical requirements of the Commission for unavailability but is unfair to the claimant in depriving him of compensation during a period of involuntary unemployment.

Claimant's statement relating to the cause of his unemployment may be an assumption on his part without a foundation. There was no supporting evidence that the impending criminal charge was the cause of his failure to obtain employment. Surely, his statement without some supporting evidence was insufficient to support a conclusion by the Commission that such was the case.

Martha Hall, an agency witness, testified: "He [claimant] worked at Collins and Aikman here in Roxboro for one year and ten months. He was a loom fixer there."

Sandy Dunavan, an agency witness and supervisor of claims, answering questions, testified:

Q. All right. And what is his primary occupational classification?

A. Loom fixer. . . .

Q. Does he have any secondaries?

A. No.

Q. Does it reflect any referrals being made to job opportunities by the local office?

A. No, it doesn't.

Q. Do you have an opinion satisfactory to yourself as to why no referrals have been made to job opportunities by the local office?

A. Yes, I do.

Q. What?

A. We in Person County have had so few jobs available that we have not had enough jobs for the applicants that we have had. And the loom fixing occupations . . . textile industry . . . is one of the hardest hit in our county at this time. Not had any job orders in those occupations.

Q. All right. Does the 511 reflect any type of handicap?

A. No, sir.

Q. What does it reflect for Mr. Yarboro's work experience?

A. Other than . . . at this point . . . the only work experience we have reflected on here is a year and ten months at Collins and Aikman, which is an textile industry.

Q. That's the only work experience reflected? All right.

A. We do have some other educational experience reflected in which he has not worked yet. He has . . . Technical Institute, had six quarters of data processing. But has not worked in that occupation at this time.

Q. All right. So he probably should have another . . .

A. Well, he did not receive a degree.

Obviously, the claimant was available for work and the fiction of unavailability should not preclude him from obtaining benefits where there were no jobs available in the job market. For the reasons above, I respectfully dissent from the majority.