IN THE MATTER OF: CARL H. BUTLER v. J. P. STEVENS & CO., INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8210SC245

(Filed 1 February 1983)

**Master and Servant § 108.1— denial of unemployment benefits—discharge for misconduct**

Findings of the Employment Security Commission supported the conclusion that claimant's discharge was occasioned by misconduct connected with his work in that he was absent without a valid excuse for four days in a six month period contrary to the company rules. Therefore, disqualification for unemployment benefits was accordingly appropriate.

APPEAL by claimant from *Smith, Judge.* Judgment entered 16 October 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 18 January 1983.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Henry N. Patterson, Jr., and Jonathan R. Harkavy, for claimant appellant.*

*Haynsworth, Perry, Bryant, Marion & Johnstone, by John B. McLeod, for respondent appellee J. P. Stevens & Co., Inc.*

*T. S. Whitaker and V. Henry Gransee, Jr., for respondent appellee Employment Security Commission.*

WHICHARD, Judge.

Claimant appeals from a judgment affirming a decision that he is disqualified for unemployment compensation benefits because he was discharged from employment for misconduct connected with his work. We affirm.

The Commission made the following pertinent findings of fact:

2. Claimant was discharged from this job for violating a company rule which states that any employee who is absent without a valid excuse for four days in a six month period is subject to termination.

3. On December 3, 1979, and on [March] 29, 1980, the claimant did not report to work and he did not notify the employer that he was going to be absent.

4. On April 25, 1980, the claimant told his supervisor that if a plumber did not fix his water pipe, he might be absent the following day. He was not given permission to be absent at that time. The following day, April 26, 1980, the claimant was absent. The claimant did not notify the employer on that day, that he was going to be absent. There was a phone available that the claimant could have used.

5. On May 20, 1980, the claimant was sick and did not report to work. Claimant did not call the employer. The claimant's daughter, who was with the claimant that day, did not call the employer. The claimant's wife attempted to call the employer on one occasion, but she was unsuccessful. Although the claimant did not have a phone, there were phones available to him in the neighborhood. When the claimant returned to work, he told the personnel manager that a

doctor had prescribed for the claimant, certain medications and that the claimant's wife bought this medicine at a certain pharmacy. The employer attempted to verify this statement but both the physician's nurse and the personnel in the pharmacy named by the claimant, denied that they had been contacted by the claimant, on or around May 20, 1980. The employer therefore concluded that the claimant's absence was unexcused and the claimant was discharged.

6. The company's employees are made aware of this rule in the following manner: The company rules are listed in the handbook, which the claimant received. The claimant was shown video tapes, explaining company policies. The claimant was given two warnings concerning his absences.

These findings are supported by competent evidence and are conclusive on appeal. G.S. 96-15(i); *In re Thomas,* 281 N.C. 598, 604, 189 S.E. 2d 245, 248 (1972); *Yelverton v. Furniture Industries,* 51 N.C. App. 215, 218, 275 S.E. 2d 553, 555 (1981).

Claimant, in fact, does not contend otherwise. He argues instead that the Commission failed to make findings and enter conclusions regarding whether good cause existed for his actions with regard to the absences. He relies on the discussion of good cause in *Intercraft Industries Corp. v. Morrison,* 305 N.C. 373, 289 S.E. 2d 357 (1982) wherein the following appears: "[I]t is generally recognized that chronic or persistent absenteeism, in the face of warnings, *and without good cause* may constitute wilful misconduct." (Emphasis supplied.) *Id.* at 375, 289 S.E. 2d at 359.

The decision of the appeals referee, which the Commission affirmed, stated the following:

It is concluded from the facts at hand that claimant violated a company rule of which the claimant should have been aware. The rule was reasonable and the employer had the right to expect that the claimant would not violate it. The claimant accumulated four unexcused absences in a six month period. On the first two occasions, the claimant was absent and he did not notify the employer in any way. On the third occasion, the claimant mentioned to his supervisor that he might be out, but he did not receive permission to do so.

On the day he was out, he did not notify the employer. On the last occasion, the claimant was sick and did not call the employer. The claimant contends that he made every reasonable effort to notify the employer. However, the evidence is to the contrary. Although the claimant, his daughter, or his wife, could have called the employer, only one attempt was made to notify the employer, on the day that the claimant was absent. That attempt was unsuccessful. Also, it must be noted that the employer [gave] the claimant an opportunity to explain why he was absent on May 20, 1980. However, the claimant responded with an explanation that could not [be] verified by the employer. Certainly the burden must be placed with the claimant of giving the employer an accurate and truthful explanation as to why he was absent. If anyone should know the facts, the claimant should. At the hearing the claimant argued that the explanation he gave the employer was an error and so therefore, he should have not been discharged. It is clear that this argument cannot be accepted. Therefore, claimant's violation of the rule evinced a wilful disregard of the employer's interests.

It is clear from the foregoing, which is supported by competent evidence in the record, that the Commission considered and rejected claimant's contentions regarding good cause for his absences and failure to give notice thereof. We thus find without merit the contention that the Commission (and the court) failed to make required findings and enter appropriate conclusions with regard thereto.

A claimant is disqualified for benefits if the Commission determines he was discharged from employment for misconduct connected with his work. G.S. 96-14(2).

* * * [T]he term 'misconduct' [in connection with one's work] is limited to conduct evincing such wilful or wanton disregard of an employer's interest[s] as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of

In re Butler v. J. P. Stevens

the employer's interests or of the employee's duties and obligations to his employer. * * *

*In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259-60, 296 N.W. 636, 640 (1941)). *See Intercraft Industries, supra*, 305 N.C. at 375, 289 S.E. 2d at 359; *Yelverton, supra*, 51 N.C. App. at 218-19, 275 S.E. 2d at 555.

This definition of "misconduct" suffices to encompass an employee's violation of the employer's reasonable attendance rules, of which he has notice, and his failure to give the employer proper notice of absences for which good cause may exist.

> Most courts have held that persistent or chronic absences, at least where the absences are without excuse or notice, and the employee has been given warnings by the employer, constitute misconduct within the meaning of the unemployment compensation laws. . . .

> Obviously, when an employee is absent due to illness but fails to give proper notice the absence can amount to misconduct, not because of the illness *per se* but because the employee has an obligation to the employer to mitigate any damages an illness may cause the enterprise by giving appropriate notice.

*Kirk v. Cole*, 288 S.E. 2d 547, 550 (W.Va. 1982).

We thus hold that the findings support the conclusion that claimant's discharge was occasioned by misconduct connected with his work, and his disqualification for benefits was accordingly appropriate.

Affirmed.

Judges ARNOLD and HILL concur.