IN THE MATTER OF: MERRILL F. KAHL v. SMITH PLUMBING COMPANY AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 833SC493

(Filed 1 May 1984)

**Master and Servant § 108.1— unemployment compensation—intent to violate moonlighting rule—no misconduct connected with work**

> An employee's expressed intent to violate the employer's moonlighting policy in the future did not rise to the level of willful or wanton disregard of the employer's standards such as to constitute misconduct connected with his work which would disqualify the employee from receiving unemployment compensation benefits.

APPEAL by Employment Security Commission of North Carolina and employer Smith Plumbing Company from *Reid, Judge.* Judgment entered 2 December 1982 in Superior Court, CARTERET County. Heard in the Court of Appeals 14 March 1984.

Merrill Kahl was employed by Smith Plumbing Company as a plumbing mechanic superintendent. Kahl had worked for Smith since July of 1978, and employees of the company had been permitted to "moonlight" as plumbers with the employer's knowledge and consent all during that time.

In May of 1982, Kahl came to Smith and told him that he was going to bid on two outside, "moonlighting" jobs. Smith then called an employee meeting and announced that there would be no more moonlighting because (1) the employees' outside work was interfering with the employer's work schedule and (2) the employees might be bidding against the employer for the same jobs. The employees were told that they could finish outside jobs that they had already begun. At the time, the employees were working reduced hours because of lack of work.

At that time, Smith told Kahl specifically not to bid on the two jobs. Kahl then told another employee that Smith should not be able to control the outside work he performed and indicated that he intended to bid on the jobs anyway. Because of this, Smith called Kahl in and gave him the option of resigning or being fired. Kahl chose to resign. At that point, he had not bid on the outside jobs. Kahl submitted a price to a contractor a week after his "resignation."

In re Kahl v. Smith Plumbing Co.

When Kahl filed a claim for unemployment insurance benefits, an Employment Security Commission Adjudicator ruled that Kahl's resignation was "tantamount to a discharge" but that he was disqualified from receiving unemployment benefits under G.S. 96-14(2) because he was discharged for "misconduct connected with work." Kahl appealed, and an appeals referee ruled that Kahl was not disqualified from receiving unemployment benefits, because the employer had not presented evidence of "such wilful or wanton disregard of an employer's interest" so as to show "misconduct connected with work." Smith then appealed to the Employment Security Commission and on 29 September 1982, the decision of the appeals referee was reversed. Kahl appealed to Superior Court for judicial review. There, the court reversed the Employment Security Commission and awarded benefits to Kahl. Smith and the Employment Security Commission appealed.

*Thelma M. Hill for appellant Employment Security Commission of North Carolina.*

*Richard L. Stanley for employer-appellant Smith Plumbing Company.*

*Richard F. Gordon for claimant-appellee.*

EAGLES, Judge.

Appellants assign as error the trial court's conclusion as a matter of law that the Employment Security Commission (ESC) failed to properly apply the law to the facts. Appellants contend that the facts here show, as a matter of law, "misconduct connected with work" sufficient to disqualify Kahl from unemployment insurance benefits, pursuant to G.S. 96-14(2). We do not agree.

In its decision ESC declared that Kahl was disqualified for unemployment benefits because:

> [I]f a prohibition against moonlighting is adopted and made known to the employees, an employee's expressed intent to violate this moonlighting policy would run counter to the standards of behavior that the employer had a right to expect of the individual as an employee. In the case at hand, it is concluded that the claimant's behavior constituted an in-

tentional and wilful disregard of the standards of behavior that his employer had the right to expect of him and therefore constituted misconduct connected with his work.

We note that ESC's decision here incorporates language that has been set out by this court defining "misconduct":

> [T]he term "misconduct" [in connection with one's work] is limited to conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee . . . or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973).

ESC erred in its conclusion that an employee's expressed intent to violate the moonlighting policy in the future was equivalent to intentional and willful disregard of the standards of behavior that his employer had the right to expect of him. At the time that Kahl was discharged, he had not bid on the outside jobs and thus had not exhibited conduct "evincing . . . wilful or wanton disregard of his employer's interest." *Id.* Even if Kahl had violated a work rule, he was not, as a matter of law, disqualified from unemployment benefits. "While the violation of a work rule may well justify the discharge of an employee, such a violation does not necessarily amount to misconduct for unemployment compensation purposes." 76 Am. Jur. 2d Unemployment Compensation § 53 (1975). Here, where there was not even a violation of a work rule, an employee's grumbling and his statement that he intended in the future to violate a work rule do not rise to the level of willful or wanton disregard of the employer's standards such as to constitute misconduct connected with work. The trial judge was therefore correct in reversing ESC's ruling that an intent to violate a work rule is equivalent to misconduct within the purview of G.S. 96-14(2) as a matter of law.

The trial court's order setting aside and reversing ESC's decision disqualifying Kahl from receiving unemployment benefits is

Affirmed.

Judges WEBB and BECTON concur.