IN THE MATTER OF: BILLY R. HELMANDOLLAR, ROUTE 1, BOX 750, ROCKWELL, NORTH CAROLINA 28138, CLAIMANT-APPELLANT v. M.A.N. TRUCK & BUS CORPORATION, BOX 319, CLEVELAND, NORTH CAROLINA 27013, EMPLOYER-APPELLEE, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH, NORTH CAROLINA 27611, DOCKET NO. 83(B) 4359, APPELLEE

No. 8419SC700

(Filed 16 April 1985)

**Master and Servant § 108.1— unemployment compensation— violation of call-in rule— no misconduct**

Claimant's violation of a company rule requiring employees who are absent due to illness to call in by 7:30 a.m. did not constitute misconduct within the meaning of G.S. 96-14(2) so as to disqualify him from receiving unemployment compensation when he was discharged for three violations of the rule where claimant was absent from work for four consecutive days because of illness; claimant did not have a telephone in his home, drove himself two to three miles to use a pay telephone, and made long distance calls to his employer on three of those days; claimant experienced operator assistance difficulties because of a labor strike at the telephone company; and as a result thereof, two of claimant's calls were received by the employer at 7:40 a.m. and were treated as failures to call. Claimant made a good faith effort to comply with his employer's rules, and his conduct cannot be construed to have been a willful or wanton disregard of the employer's standards.

APPEAL by claimant from *Davis, Judge*. Judgment entered 27 February 1984 in Superior Court, ROWAN County. Heard in the Court of Appeals 14 February 1985.

This is an action to obtain unemployment insurance benefits pursuant to G.S. 96-13(a)(3). Claimant, Billy R. Helmandollar, filed for unemployment insurance benefits after he was terminated on 28 August 1983 by his employer, M.A.N. Truck and Bus Corporation. An Employment Security Commission hearing officer determined that claimant was discharged for work-connected misconduct and accordingly denied claimant's claim. G.S. 96-14(2). The hearing officer's decision was affirmed by the Employment Security Commission on 9 November 1983 and on 27 February 1984, the decision of the Employment Security Commission was affirmed by the Superior Court, Rowan County. Claimant appeals the denial of unemployment insurance benefits.

In re Helmandollar v. M.A.N. Truck & Bus Corp.

*Rebecca Bosley, for claimant-appellant.*

*C. Coleman Billingsley, Jr., Staff Attorney, for the Employment Security Commission-appellee.*

EAGLES, Judge.

Claimant assigns as error the denial of unemployment insurance benefits. We agree that there is error.

Beginning 11 August 1983, claimant was absent from work for four consecutive days due to illness. Employer's policy, posted as well as published in a handbook provided to all employees, requires employees who are absent due to illness to call in by 7:30 a.m. for the 7:00 a.m. shift. A call after 7:30 a.m. is treated as "no call." Written warnings are issued for the first two violations of this rule and a third occurrence is a dischargeable offense.

Uncontroverted evidence showed that claimant's first day of absence due to illness was Thursday, 11 August 1983 and that he did not call in on that day. The hearing officer found as a fact that claimant called in at 7:40 a.m. on Friday, 12 August 1983. There was uncontroverted evidence that claimant called in at 7:30 a.m. on Monday, 15 August 1983 and the hearing examiner found as a fact that claimant called in at 7:40 a.m. on Tuesday, 16 August 1983. The record indicates that the employer treated the calls made by claimant after 7:30 a.m. as a failure to call in and claimant was summarily discharged.

Claimant, who was not represented by counsel at the hearing before the Employment Security Commission's hearing officer or the appeals referee, testified that he was unable to go to work due to illness, including high blood pressure and a virus and that he was finally taken to a medical doctor 18 August 1983. Claimant testified that he had no telephone, that it was two or three miles to the nearest pay telephone and that he had to drive himself since his wife could not drive his truck. Claimant further testified that he had difficulty completing any call to his employer because it was long distance and there was a telephone company worker's strike in progress at that time.

Written warnings about his failure to call in were placed in claimant's file while he was absent due to illness, but he never

saw them since he was discharged and could not return to work. The employer testified, "as far as we're concerned also, a person who does not report to work three consecutive days is discharged at will."

At all levels of the hearing process it was determined that claimant was discharged from his job for remaining away from work without notification and that this lack of notification constituted misconduct connected with his work. G.S. 96-14(2).

This court has defined the term misconduct as it applies to the termination of employment as:

[C]onduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect . . . or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.

*In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973). The question to be resolved here is whether claimant's conduct could be construed to have been a "willful or wanton disregard of the employer's standards." We think not.

A violation of a company rule will not be construed as misconduct within the meaning of G.S. 96-14(2), if the evidence shows that the actions of the employee were reasonable and were taken with good cause. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E. 2d 357 (1982). Good cause is a reason which would be deemed by reasonable men and women as valid and not indicative of an unwillingness to work. *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968); *In re Cantrell*, 44 N.C. App. 718, 263 S.E. 2d 1 (1980).

Here, the evidence shows that claimant was ill, did not have a telephone in his home, drove himself two to three miles to use a pay telephone, made three long distance toll calls on 12, 15 and 16 August 1983 and experienced operator assistance difficulties because of a labor strike at the telephone company. As a result, two phone calls were made at 7:40 a.m. rather than 7:30 a.m. and were treated as "no calls." We hold that these facts certainly are not indicative of a willful and deliberate disregard of company policy or an unwillingness to work which would disqualify claimant from unemployment insurance benefits by reason of G.S. 96-14(2).

While it is clear that claimant failed to comply with the literal dictates of the company rule regarding notification of absence from work, this violation is not, as a matter of law, misconduct. *See, Kahl v. Smith Plumbing Co.*, 68 N.C. App. 287, 314 S.E. 2d 574 (1984). Here, a combination of unfortunate circumstances prevented claimant from meeting the strict requirements of his employer's rule. The evidence from the record is clear that claimant made a good faith effort to comply. The facts here are totally opposite from *Butler v. J. P. Stevens & Co., Inc.*, 60 N.C. App. 563, 299 S.E. 2d 672, *rev. denied*, 308 N.C. 191, 302 S.E. 2d 242 (1983), cited and relied on by the Employment Security Commission. In *Butler*, the claimant accumulated four unrelated unexcused absences within a six month period and was discharged. However, unlike the claimant here, Butler made essentially no attempt to contact his employer when he was absent. There was willful misconduct in *Butler*.

By contrast, claimant here was absent four consecutive days after a twenty-month infraction-free period of employment and he made good faith efforts to comply with his company's rule regarding notification of absences. The facts and circumstances here do not support the Employment Security Commission's finding of misconduct. Accordingly, the judgment of the superior court in 83CVS1247 affirming the decision of the Employment Security Commission in its entirety is vacated and the case remanded for entry of an award of benefits.

Vacated and remanded.

Judges ARNOLD and PARKER concur.