Williams v. Burlington Industries, Inc.

HENRY L. WILLIAMS, Petitioner-Appellant v. BURLINGTON INDUSTRIES, INC., and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents-Appellees

No. 844SC1145

(Filed 18 June 1985)

1. Appeal and Error § 24— question raised for first time on appeal—not considered

An assignment of error relating to the proper standard of judicial review of Employment Security Commission decisions was raised for the first time on appeal and was not considered. Rules of App. Procedure, Rule 10(b).

2. Master and Servant § 111— error in remanding for second hearing—facts did not support conclusion, but determined cause

The Employment Security Commission erred by remanding to the appeals referee for a second hearing where the facts found by the appeals referee determined the controversy even though the facts found did not support the conclusions. To hold otherwise would allow the Commission to remand cases repeatedly for a second bite at the apple. G.S. 96-15(e).

3. Master and Servant § 108.1— leaving work early—false time records—good faith

There was not a willful and deliberate disregard of company policy or an unwillingness to work which would disqualify claimant from unemployment benefits by reason of G.S. 96-14(2) where the facts found by the appeals referee showed that claimant left work early without permission and entered hours into his time record that he did not work, but had what amounted to a good faith cause for leaving early, not notifying his supervisor, and entering hours into his record that he did not work.

APPEAL by petitioner from *Lewis, Judge.* Judgment entered 17 August 1984 in Superior Court, SAMPSON County. Heard in the Court of Appeals 15 May 1985.

This is a civil action in which petitioner, Henry L. Williams, seeks unemployment benefits based on his discharge from respondent, Burlington Industries, Inc.

The essential facts are:

Petitioner was discharged from his job at Burlington Industries (Burlington) 13 June 1983 after approximately thirteen years' employment purportedly for work related misconduct. At the time of his discharge petitioner was employed as a frequency checker, i.e. someone who observes other employees at their

tasks in order to determine whether there are "problems or mistakes" occurring in the various processes of Burlington's mill.

Burlington's evidence tends to show that petitioner was discharged for leaving work early without permission and for filling out his time records differently from the amount of time he had actually worked.

On 7, 8 and 9 June 1983, petitioner, who was scheduled to work until 7:00 a.m., left work early (5:29 a.m. on 7 June, 4:52 a.m. on 8 June and 5:35 a.m. on 9 June). Petitioner made entries on his time record indicating that he had worked his full twelve hour shift on each of the days in question. A supervisor discovered the discrepancy between the time sheets and the time petitioner actually left work.

Petitioner's evidence tends to show that he left work early on 7, 8 and 9 June only after he had completed the tasks assigned to him on those days, because he had worked all night and because he was tired. Petitioner testified that he recorded his time worked at the beginning of each shift because he had a tendency to forget to record his time at the end of the shift before leaving work and that he did not deliberately or intentionally falsify his time records. Further, petitioner had been allowed to leave early on a previous occasion and was paid for the full shift. Petitioner knew he was to call his supervisor to obtain permission to leave work early, but did not do so on 7, 8 or 9 June because of the early morning hour. Petitioner had been criticized by other supervisors for very early morning telephone calls.

Petitioner was dismissed on 12 June 1983 for the stated reasons, leaving work early without permission and for falsifying time records. The dismissal was also based partly on the accumulation of four reprimands in a twelve month period. Petitioner received a reprimand for improper posting of his frequency checks on 7 August 1982. Petitioner then received three reprimands at one time on 11 June 1983 for leaving work early on 7, 8 and 9 June and for falsifying time records. Burlington has a policy that an employee may be dismissed for accumulating four reprimands in a twelve month period but testified that this was only one of the reasons that petitioner was dismissed.

Petitioner initially applied for unemployment benefits effective 12 June 1983. An adjudicator for respondent, Employment

Williams v. Burlington Industries, Inc.

Security Commission (Commission), denied benefits based on misconduct on 28 June 1983. Petitioner appealed and an appeals hearing conducted before an appeals referee resulted in a denial of benefits based on misconduct on 27 July 1983. An appeal by petitioner to the Commission followed and a review was conducted 30 September 1983. On 26 October 1983, the Commission remanded petitioner's claim to the appeals referee for a second subsequent hearing and decision. The subsequent appeals hearing was conducted on 14 November 1983 before the same appeals referee. On 22 November 1983, the appeals referee again denied petitioner's claim for benefits based on misconduct. An appeal by petitioner to the Commission resulted in an affirmance of the decision of the appeals referee, although the Commission's opinion stated that the evidence could have supported a decision for petitioner. The Superior Court of Sampson County affirmed the Commission's decision on 9 July 1984. Petitioner appeals.

*East Central Community Legal Services, by Phillip Wright, for petitioner-appellant.*

*Thelma M. Hill, Staff Attorney, for respondent-appellee, Employment Security Commission of North Carolina.*

EAGLES, Judge.

I

[1]   At the outset we note that petitioner attempts to raise an assignment of error on appeal relating to the proper standard of judicial review of decisions by the Commission. Our examination of the record reveals that this purported assignment of error is raised for the first time in the appeal to this court. Having failed to raise this question at either the administrative level or in the superior court, petitioner cannot for the first time raise this question here. Accordingly, this assignment of error is not properly before us. Rule 10(b), Rules of Appellate Procedure.

II

[2]   Petitioner next assigns as error the remand by the Commission to the appeals referee for a second, subsequent hearing and decision. Petitioner argues that since Burlington failed to prove misconduct at the first hearing, this matter should have ended at that time with a decision in favor of petitioner. We agree.

Our review of the first decision of the appeals referee disqualifying petitioner for benefits on 27 July 1983, shows that the Deputy Commissioner, acting for the Commission, remanded the case for a new hearing and decision on the grounds that:

> It is unclear under which rule the claimant was discharged and exactly what the rule provided. Further, it appears that the three warnings and discharge all occurred on June 11, 1983. For a warning to serve any purpose as to future conduct, it would seem that it would have to be prospective. The Appeals Referee shall make a specific finding whether the claimant forgot to correct his time entries or falsified them.

This action by the Commission was taken pursuant to G.S. 96-15(e) which states in pertinent part:

> The Commission or Deputy Commissioner may on its own motion affirm, modify, or set aside any decision of an appeals referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it, or may provide for group hearings in such cases as the Commission or Deputy Commissioner may deem proper.

Petitioner alleges and we agree that the Commission abused its discretion under G.S. 96-15(e) by remanding this case to the appeals referee for a second hearing, in effect giving the employer a second opportunity to prove its case. While we find no reported North Carolina case authority construing a remand pursuant to G.S. 96-15(e), the appropriate standards for such a remand are readily ascertainable from cases dealing with judicial review of decisions of the Commission.

> If the findings of fact of the Commission, even though supported by competent evidence in the record, are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the proceeding should be remanded to the end that the Commission make proper findings.

*In re Boulden*, 47 N.C. App. 468, 471, 267 S.E. 2d 397, 399 (1980); *Employment Security Commission v. Young Men's Shop*, 32 N.C. App. 23, 29, 231 S.E. 2d 157, 160, *cert. denied*, 292 N.C. 264, 233

S.E. 2d 396 (1977). If there is no finding as to a material fact which is necessary for proper determination of a case, the case must be remanded to the Commission to make a proper finding. *Employment Security Commission v. Young Men's Shop, supra.* The reciprocal of this principle would seem to be that if all sufficient and necessary findings of material fact essential to resolving the issue have been made, there is no need to remand the case and any remand would be an abuse of discretion. To hold otherwise would allow the Commission, in the exercise of its discretion, pursuant to G.S. 96-15(e), to remand cases repeatedly for a "second bite at the apple" where the facts found by the appeals referee actually determine the controversy even though the facts found do not support the appeals referee's conclusions of law purportedly based on those findings of fact.

The record reveals that the appeals referee found as fact:

2. Claimant was discharged from this job for leaving work early and without permission and falsifying time records.

3. On June 7, 1983, June 8, 1983 and June 9, 1983, claimant was scheduled to work from 7:00 p.m. to 7:00 a.m. On each of those days claimant left prior to 7:00 a.m. and did so without permission. *Claimant left early on those dates because he had completed his work and was tired. Claimant didn't request permission because he would have to call his supervisor at his home and claimant did not want to disturb the supervisor.* (Emphasis added.)

4. On claimant's time record, claimant entered that he had worked twelve hours on each day, June 7, June 8, and June 9, 1983. Claimant had not worked 12 hours. *Claimant entered his time before the start of each work day and just didn't think about correcting the entries on the subsequent days.* (Emphasis added.)

Based on these findings of fact, the appeals referee concluded that claimant's leaving early without permission and falsifying time records "did evince a willful disregard of the employer's best interest." Accordingly, the appeals referee denied benefits by reason of misconduct connected with employment.

We believe that the facts found by the appeals referee at the conclusion of the first hearing resolve the case, but not in favor of

respondents. For this reason, it was error for the Commission, under the facts of this case, to remand for a second, subsequent hearing before the appeals referee.

[3] This Court has defined the term "misconduct" as it applies to the termination of employment and denial of unemployment insurance benefits as:

> [C]onduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect . . . or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.

*In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973). While Burlington could certainly terminate petitioner's employment for leaving work early without permission and for falsifying time records, we hold that the facts of this case do not indicate a willful and deliberate disregard of company policy or an unwillingness to work which would disqualify claimant from unemployment insurance benefits by reason of G.S. 96-14(2). *See, Kahl v. Smith Plumbing Co.*, 68 N.C. App. 287, 314 S.E. 2d 574 (1984).

The facts found by the appeals referee in the first instance show that while petitioner did, in fact, leave work early without permission and that he did enter hours into his time record that he did not actually work, he had what amounted to good faith cause for leaving work early, not notifying his supervisor and entering hours into his time record that he did not actually work. See, *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E. 2d 357 (1982).

Accordingly, the findings of fact do not support the conclusions of law by the appeals referee in his order of 27 July 1983 denying benefits to petitioner. Those same facts, however, resolve the issues and it was error for the Commission to remand this case for a second subsequent hearing before the appeals referee. The judgment of the Superior Court of Sampson County in 84-CVS251 affirming "the decision of the Employment Security Commission . . . in its entirety" is vacated and the case remanded for entry of an award of benefits.

Our determination of this issue makes it unnecessary for us to consider petitioner's remaining assignments of error.

Vacated and remanded.

Judges BECTON and PHILLIPS concur.