AL URBACK, PETITIONER-APPELLEE v. EAST CAROLINA UNIVERSITY, RESPONDENT-APPELLANT

No. 912SC385

(Filed 3 March 1992)

**State § 12 (NCI3d)— state employee—refusal to work with asbestos—not insubordination**

The Superior Court correctly reversed the Personnel Commission's decision that a state employee's dismissal be upheld where petitioner was terminated from his employment for insubordination when he refused to remove material containing asbestos from a ceiling; the Commission specifically found that petitioner had an actual, legitimate, genuine, and reasonable fear of asbestos and concern for his health; and the Commission nevertheless concluded that petitioner's refusal to perform the job assignment amounted to insubordination due to its conclusion following testimony from a Department of Labor investigator that the assignment was both reasonable and safe. While it is not within the Court of Appeals' scope of review to determine whether petitioner acted reasonably in light of the conditions existing at the time he refused to move the asbestos, a ruling that an employee's refusal to act amounted to insubordination despite the reasonableness of his fears was clearly erroneous as a matter of law.

**Am Jur 2d, Civil Service §§ 61, 63.**

APPEAL by respondent from *Griffin (William C.), Judge.* Order entered 21 February 1991 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 17 February 1992.

Petitioner Al Urback was terminated from his employment by Respondent East Carolina University (hereinafter "E.C.U.") on 1 July 1987. At the time of his termination, Urback was an employee subject to the State Personnel Act, G.S. 126-35, and could not

be discharged without cause. Urback contested his termination and, after completing the E.C.U. grievance procedures which affirmed his dismissal, Urback filed a petition for a Contested Case Hearing pursuant to G.S. 150B-23, *et seq.*

An administrative law judge conducted an evidentiary hearing on 19 and 20 April 1988 and thereafter issued extensive proposed Findings of Fact and Conclusions of Law and recommended that the State Personnel Commission order the reinstatement of Urback to his former position with back pay, front pay, attorney's fees and all other benefits of continuous state employment. The Personnel Commission adopted many of the Findings of Fact proposed by the administrative law judge, yet nevertheless rejected both the Conclusions of Law and the Recommended Decision and ordered that Urback's dismissal be upheld.

Urback then filed a Petition for Judicial Review pursuant to G.S. 150B-43 *et seq.* which came on for hearing at the 4 January 1991 session of the Superior Court, Beaufort County. Judge William C. Griffin reversed the Commission's decision after finding it to be erroneous as a matter of law and ordered that Urback be reinstated to his former position.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Thomas J. Ziko, for respondent, appellant.*

*Gary B. Davis for petitioner, appellee.*

HEDRICK, Chief Judge.

The facts relevant to this appeal are undisputed by the parties. The Personnel Commission found that the petitioner had been an employee at E.C.U. for fourteen and one-half (14½) years at the time of his termination and had consistently received a rating of "more than satisfactory" from his supervisors. During the last seven years of his employment, Urback was specifically classified as an air conditioning technician in the heating ventilation and air conditioning section of the utilities division of the physical plant department.

During June 1987, E.C.U. hired outside contractors to install air conditioning in the basement of Fletcher Dormitory located on the university campus. In order to attach the ductwork for the air conditioning unit, material containing 25-30% asbestos had to be removed from the ceiling. On the morning of 30 June 1987,

URBACK v. EAST CAROLINA UNIVERSITY

[105 N.C. App. 605 (1992)]

Urback's immediate supervisor instructed him to remove those asbestos patches. Urback refused to participate in the removal stating that he was concerned about the health hazards related to asbestos exposure. When petitioner continued to refuse the job assignment despite repeated orders to comply, he was suspended. Urback's employment was formally terminated the following day with the cause identified by E.C.U. as insubordination.

The Personnel Commission determined that a job assignment is reasonable and proper as long as it is within the mental capabilities of the employee and is not unsafe, illegal or a violation of professional/ethical standards. The Commission then specifically found that the petitioner "had an actual, legitimate, genuine, and reasonable fear of asbestos and actual concern for his health after he received the job assignment on the morning of June 30," and that "he reasonably believed that exposure to asbestos would cause him serious injury." A further finding adopted by the Commission concedes that "exposure to respirable asbestos at certain levels can increase the petitioner's risk of contracting a permanently disabling or fatal lung disease or cancer or both."

Despite these findings, the Commission nevertheless concluded that Urback's refusal to perform the job assignment amounted to insubordination due to its conclusion that the assignment was both reasonable and safe. An investigator from the Department of Labor had testified at the administrative hearing that he had reviewed the job assignment following petitioner's dismissal and had determined that "the work practices [actually employed by the workers who completed the removal following Urback's dismissal] and duration of the job precluded employee exposure above the Permissible Exposure Limit." The Commission then concluded that further findings concerning the petitioner's perception of the safety of the job were irrelevant.

Respondent E.C.U. argues that the Superior Court erred in reversing the Commission's decision by holding that petitioner's conduct did not amount to insubordination as a matter of law. Pursuant to G.S. 150B-51(4), the Superior Court may reverse an agency's decision if it finds that the agency's decision was affected by an error of law. Our consideration of the Superior Court's decision is limited to determining whether that court committed any error of law in the review of the agency decision. *Henderson v. N.C. Dept. of Human Resources*, 91 N.C. App. 527, 531, 372 S.E.2d

887, 890 (1988); *American Nat'l Insurance v. Ingram*, 63 N.C. App. 38, 41, 303 S.E.2d 649, 651, *cert. denied*, 309 N.C. 819, 310 S.E.2d 348 (1983).

The Superior Court held that the Commission's decision was based upon the erroneous conclusion that petitioner's perception of the safety of the job assignment was irrelevant, despite its finding that Urback's fear was "legitimate, genuine and reasonable" in light of the circumstances existing on the morning of 30 June 1987. The Commission found, and the respondent argues, that the testimony of the investigator from the Department of Labor indicating that the job was later found to pose no serious risk of harm to employees, supports the conclusion that Urback's conduct amounted to insubordination. We agree with the superior court's ruling that such a conclusion is erroneous as a matter of law.

The State Employee's Handbook defines insubordination as the refusal to accept a reasonable and proper assignment from an authorized supervisor. *See Employment Security Commission v. Lachman*, 305 N.C. 492, 506, 290 S.E.2d 616, 624-625 (1982). The refusal which is the basis of the offense must be a willful refusal, *Id.*, *Kandler v. Department of Correction*, 80 N.C. App. 444, 451, 342 S.E.2d 910, 914 (1986), and the reasonableness of the assignment must be determined in light of the relative circumstances existing at the time of the incident, *Lachman*, 305 N.C. at 506, 290 S.E.2d at 624-625, and in light of the employee's reasonable perception of those circumstances. *Kandler*, 80 N.C. App. at 451, 342 S.E.2d at 914. The conduct of an employee cannot be termed willful misconduct if it is determined that the employee's actions were reasonable and taken with good cause. *See Williams v. Burlington Industries Inc.*, 318 N.C. 441, 456, 349 S.E.2d 842, 851 (1986); *Intercraft v. Industries Corp. v. Morrison*, 305 N.C. 373, 375, 289 S.E.2d 357, 359 (1982); *In the matter of Helmandollar v. M.A.N. Truck & Bus Corp.*, 74 N.C. App. 314, 316, 328 S.E.2d 43, 44 (1985).

While it is not within our scope of review to determine whether Urback acted reasonably in light of the conditions existing at the time he refused to remove the asbestos, *Henderson*, 91 N.C. App. at 535, 372 S.E.2d at 890, the Commission itself specifically found that Urback reasonably believed that the exposure to asbestos would cause him serious injury. A ruling that despite the reasonableness of an employee's fears, his refusal to act never-

theless amounted to insubordination is clearly erroneous as a matter of law.

As a finding that the Commission's decision was affected by an error of law is sufficient basis for the superior court's reversal of the agency decision pursuant to G.S. 150B-51(4), there is no need to address respondent's further assignments of error.

Affirmed.

Judges ORR and WALKER concur.