CHRISTINA M. BINNEY, Petitioner v. BANNER THERAPY PRODUCTS, INC. and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents

No. 431A06

(Filed 12 June 2008)

**Unemployment Compensation— misconduct related to job— copyright assertion—hard drive removal**

The Court of Appeals erred by reversing the superior court affirmation of an Employment Security Commission decision denying unemployment compensation to the officer of a com-

pany who had been terminated because she claimed a personal copyright in the company's catalog and had taken home a hard drive from a company computer. In order to show that the employee was terminated for misconduct related to her job, the employer needed only to present evidence that she showed willful disregard of the employer's interest through deliberate violations or disregard of standards of behavior which the employer had the right to expect. The standard of review is whether any competent evidence supports the Commissions findings; the Court of Appeals misapplied the standard of review to the extent that it made its own assessment of the facts. N.C.G.S. § 96-14(2).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 178 N.C. App. 417, 631 S.E.2d 848 (2006), affirming in part, reversing in part, and remanding a judgment entered 17 November 2004 by Judge James L. Baker, Jr. in the Superior Court in Buncombe County. On 8 March 2007, the Supreme Court allowed respondent Employment Security Commission's petition for discretionary review of an additional issue. Heard in the Supreme Court 11 September 2007.

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr. for petitioner-appellee.*

*Thomas S. Whitaker, Chief Counsel, by Sharon A. Johnston, for respondent-appellant Employment Security Commission of North Carolina.*

HUDSON, Justice.

After being terminated by her employer, respondent Banner Therapy Products, Inc. ("Banner"), on 5 April 2003, petitioner Christina M. Binney ("Binney") sought unemployment insurance benefits under N.C.G.S. § 96-15(a) on 6 April 2003. Banner contested Binney's claim. Ultimately, the Employment Security Commission ("ESC") and then the superior court found her disqualified for benefits because of having been terminated for misconduct related to her job. The Court of Appeals reversed this determination. *Binney v. Banner Therapy Prods.*, 178 N.C. App. 417, 631 S.E.2d 848 (2006). We reverse.

The claim was first referred to an ESC adjudicator, who determined that Binney was disqualified, and Binney appealed. An appeals referee held a hearing where both Binney and Banner presented evi-

dence from various witnesses. On 5 November 2003, the appeals referee issued a decision finding Binney disqualified pursuant to N.C.G.S. § 96-14(2). Binney then appealed to the ESC, which relied on the evidence from the hearing before the appeals referee in making findings of fact and conclusions of law. The ESC disqualified Binney for unemployment insurance benefits after concluding that she had been fired for misconduct, consisting of asserting a personal copyright interest in Banner's catalogs and web site "in conjunction with" removing the hard drive from her work computer without authorization.

Binney petitioned for judicial review in the superior court in Buncombe County. On 17 November 2004, Judge James L. Baker, Jr. entered a judgment affirming the ESC decision, as well as all of its findings and conclusions. Binney then appealed to the Court of Appeals, challenging many of the ESC's findings of fact and conclusions of law and the superior court's judgment affirming them. On 18 July 2006, in a divided opinion, the Court of Appeals affirmed on the ESC's cross-assignment of error, reversed the superior court's decision on the merits, and remanded the matter for entry of an order reversing the Commission decision and for further remand to the Commission for additional proceedings.

The Court of Appeals considered two substantive issues: whether the ESC erred in finding and concluding that Binney's removal of the hard drive from her work computer without authorization constituted employment-related misconduct, and whether Binney's assertions of a personal copyright in her employer's catalogs and on its web site constituted work-related misconduct. The majority concluded that there was no evidence that Binney removed her hard drive for any improper purpose and that there was no formal policy against removing computer hard drives from the employer's premises. *Id.* at 425, 631 S.E.2d at 853. The majority also concluded that there was no evidence that Binney's assertions of a personal copyright on the employer's web site and in its catalogs were unreasonable or taken in bad faith and that the employer failed to carry its burden of proving Binney should be disqualified from receiving unemployment insurance benefits on that ground. *Id.* at 427-28, 631 S.E.2d at 854. However, Judge Hunter concluded that evidence of Binney's removal of the computer hard drive without authorization showed a deliberate disregard of the standards of behavior that the employer had a right to expect, and thus, Binney was properly disqualified for benefits. *Id.* at 431, 631 S.E.2d at 856 (Hunter, J., dis-

senting in part and concurring in part). The dissenting opinion did not address the matter of the personal copyright assertions. *Id.*

Respondent ESC filed its appeal of right based on the dissenting opinion's discussion about removal of the computer hard drive, along with a petition seeking this Court's discretionary review of the majority's ruling on the personal copyright issue. This Court allowed respondent's petition for discretionary review on 8 March 2007. Because the ESC and superior court based their conclusion of law that Binney was disqualified due to discharge for misconduct on the findings pertaining to both the copyright and hard drive issues, we address both.

Employer Banner sold rehabilitation and other health-care supplies via showroom, printed catalog, and web site listings. Binney had been an officer of the company since she, along with Thomas Maroney, Sandor Sharp and their wives, founded it in May 1997. At the time of these events, Maroney and his wife owned eighty percent of the company and Binney's share was ten percent. At the time of her termination Binney served as Banner's corporate treasurer and self-titled vice president of marketing. Banner produced its first catalog in 1997 and it indicated no copyright. In 1998, Binney added to the catalogs a notice of joint copyright for herself and Banner. From 1999 through 2003, all of Banner's catalogs carried an assertion of copyright for Binney personally, but no mention of Banner. At some point between 1998 and 2003, Sandor Sharp, part-owner and corporate secretary of Banner, noticed and asked Binney about her assertion of a personal copyright in the catalogs. Binney's explanation of her actions allayed his concerns, however, and the personal copyright apparently went otherwise unnoticed until March 2003. At that time, it quickly became a contentious issue, and after Binney removed the hard drive from her computer on 4 April 2003, Banner terminated her on 5 April 2003.

The ESC made the following pertinent findings regarding Binney's termination:

> 3. The claimant was discharged from this job for the following reasons: she produced catalogs and a web site for the employer that included a statement of that the claimant had a personal copyright interest in the catalogs and web site; she removed the hard drive from the computer supplied to her by the employer without being authorized to do so . . . .
>
> . . . .

5. The claimant was responsible for the production and distribution of the employer's product catalog. The first of these catalogs was produced in mid-1997.

6. In 2001, the claimant created an internet web site for the employer.

7. On or about March 15, 2003, Thomas Maroney, vice president, discovered that the employer's web site contained the following statement: "Copyright © 2001, Christine Marie Binney, All Rights Reserved." The employer had not authorized the claimant to include such a statement on the web site.

8. The employer then discovered that the 1997, 1998/1999, 2000, 2001, 2002, and 2003 catalogs, all of which were produced by the claimant in the performance of her job, contained similar statements that asserted that the claimant had a copyright interest in the catalogs. The employer had not authorized the claimant to include such a statement in the catalogs.[1]

9. The employer confronted the claimant concerning her copyright assertions. The claimant advised the employer that she had a copyright interest in the catalogs and web site; however, the claimant did not seek legal advice concerning her copyright interests prior to her discharge from employment.

10. On April 4, 2003, the employer learned that the claimant had removed the hard drive from the computer assigned to the claimant by the employer. The employer did not authorize the claimant to remove the hard drive.

The ESC then concluded:

In the present case, the Commission concludes from the competent and credible evidence and the facts found therefrom that the claimant was discharged from employment. The Commission further concludes that the claimant's assertion of a personal copyright interest in the employer's catalogs and web site, in conjunction with her unauthorized removal of the hard drive of an employer computer, showed a deliberate disregard of the standards of behavior that the employer had a right to expect of the claimant. The Commission also concludes there-

---

1. Finding 8 contains one minor error, which does not affect the conclusion of law on the issues before us: the 1997 catalog did not contain a copyright assertion, and the 1998/1999 catalog contained the assertion of a joint copyright between Binney and Banner.

**BINNEY v. BANNER THERAPY PRODS., INC.**

[362 N.C. 310 (2008)]

fore that the claimant was discharged for misconduct connected with the work.

Based upon these findings and conclusions, the ESC denied Binney's claim for unemployment insurance benefits.

In the superior court, Binney argued that the ESC's findings were premised on a misunderstanding of copyright law and the respective rights and duties of shareholders and officers in closely-held corporations, that the findings were not supported by competent evidence, and that the findings did not support the ESC's conclusion of law that she "willingly and knowingly showed a deliberate disregard of the standard of behavior that the employer had a right to expect." The superior court affirmed the ESC, finding that the ESC's findings were supported by competent evidence and thus binding on review, and that the findings in turn supported the ESC's conclusions. In the Court of Appeals, Binney challenged findings of fact 3, 5, 7, 8, 9 and 10, as well as the ESC's conclusion that these actions constituted work-related misconduct; all of these are quoted above.

The standard of review in appeals from the ESC, both to the superior court and to the appellate division, is established by statute. "In any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." N.C.G.S. § 96-15(i) (2007). The General Assembly amended subsection (i) in 1989 to replace the phrase "if there is evidence to support them" with the present standard "if there is *any competent evidence* to support them." *See* Act of July 5, 1989, ch. 583, Sec. 12, 1989 N.C. Sess. Laws 1465, 1465 (emphasis added); *see also Williams v. Burlington Indus., Inc.*, 318 N.C. 441, 448-49, 349 S.E.2d 842, 846-47 (1986) (interpreting the standard of review under the previous provisions of § 96-15(i)).

This Court has held that "[o]rdinarily a claimant is presumed to be entitled to benefits under the Unemployment Compensation Act, but this is a rebuttable presumption with the burden on the employer to show circumstances which disqualify the claimant." *Intercraft Indus. Corp. v. Morrison*, 305 N.C. 373, 376, 289 S.E.2d 357, 359 (1982) (citations omitted). An employee is disqualified for unemployment benefits when she has been discharged for misconduct connected with her work. N.C.G.S. § 96-14(2) (2007). The statute further provides, in pertinent part:

Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*Id.* Violation of an employer's work rules is misconduct, unless "the evidence shows that the employee's actions were reasonable and were taken with good cause." *Intercraft Indus. Corp.*, 305 N.C. at 375, 289 S.E.2d at 359 (citations omitted). In the absence of a specific rule violation, " '[m]isconduct' may consist in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee." *Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 365, 291 S.E.2d 308, 309 (1982) (citing *In re Collingsworth*, 17 N.C. App. 340, 194 S.E.2d 210 (1973)).

In its appeal to this Court based on the dissent, the ESC argues that the Court of Appeals disregarded the standard of review set out in N.C.G.S. § 96-15(i) and disregarded competent evidence in the record supporting the ESC's finding of fact regarding Binney's removal of the hard drive. Finding of fact 10, quoted above, concerns Binney's unauthorized removal of the hard drive from her company computer to take home with her for the weekend.

The Court of Appeals opinion cited the correct standard of review from the statute: whether "any competent evidence" supports the finding. *Binney*, 178 N.C. App. at 425, 631 S.E.2d at 853. The majority opinion then states that finding 10 lacks any support because "the employer admitted that the company had no policy [regarding removing hard drives] at all." *Id.* Maroney testified that Binney had never asked permission to remove her computer hard drive and that neither he nor any other officer would have approved such a request. That the employer had no policy on removing hard drives does not contradict the finding that the "employer did not authorize the claimant to remove the hard drive," and we conclude that competent evidence in the record supports this finding. To the extent that the majority made its own assessment of the facts (e.g., determining that Binney believed she had the authority to remove the hard drive), in lieu of analyzing whether any evidence supported the findings the ESC actu-

ally made, we agree that the Court of Appeals misapplied the statutory standard of review.

In its appeal to this Court based on our grant of discretionary review, the ESC again argues that the Court of Appeals disregarded the standard of review set out in N.C.G.S. § 96-15(i) and disregarded competent evidence in the record in support of the ESC's findings of fact regarding Binney's assertion of a personal copyright interest. The Court of Appeals cited the pertinent language from the statute, correctly noting that the standard of review was whether there was "any competent evidence" to support the ESC's findings. 178 N.C. App. at 422, 631 S.E.2d at 851. However, the majority opinion does not specify any particular finding that was not supported under this standard. Instead, the Court noted that the record did not contain any evidence that Binney acted unreasonably or in bad faith. *Id.* at 427, 631 S.E.2d at 854.

In the Court of Appeals, Binney purported to challenge findings of fact 3, 5, 7, 8 and 9, concerning Binney's assertion that she retained a personal copyright interest in the company web site and printed catalogs. Each of these findings is supported by competent evidence in the record. Maroney and Sharp both testified that Binney never told them she was claiming a personal copyright in the web site and that the placement of the copyright on the web site would not have been authorized by any of the company's officers. Maroney also testified that the copyright assertions in the 2000-2003 catalogs were not authorized by him or the other company officers or shareholders.

The Court of Appeals erred in disregarding this competent evidence which supported findings 3 through 9. The Court of Appeals noted that the record contained no evidence about whether Binney acted unreasonably or in bad faith. No evidence was required, since the ESC did not make a finding on that issue. Again, we agree that the Court of Appeals misapplied the standard of review of the findings the ESC actually made.

The majority opinion held that the findings did not support the ESC's conclusion that Binney must be disqualified from receiving benefits because they did not establish that Binney acted unreasonably or in bad faith. However, under N.C.G.S. § 96-14(2), Banner needed only to present evidence that Binney showed "willful . . . disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee." Here, the ESC only concluded that these

two issues combined to result in deliberate disregard of the standards Banner had a right to expect of Binney.

The transcript and other evidence indicate that in March 2003, Binney overheard Thomas Maroney, Banner's vice president, and (along with his wife) owner of eighty percent of Banner's stock, discussing the possible sale of Banner with a prospective buyer. This possibility appeared to create tension between Binney and Maroney and Banner's other corporate officers. In mid-March 2003, Maroney discovered the statements in Banner's catalogs and web site asserting that Binney retained a personal copyright interest in them. According to the transcript, this discovery led to a heated confrontation between Maroney and Binney at the Banner offices. Maroney testified that the company had not authorized Binney to include such statements in the catalogs or on the web site.

Binney testified that on Friday, 4 April 2003, as she was preparing to leave work for a weekend out of town, a customer requested a meeting with her the following Monday morning. To facilitate her preparations for the meeting, Binney decided to remove the hard drive from her work computer and take it home with her, a quicker method than transferring the needed data onto discs. On Saturday, 5 April 2003, Banner learned that Binney had removed the hard drive from her work computer when Maroney, his wife, and Sharp met with a computer consultant to review the company's computer system. Maroney and Sharp each testified that they had never authorized Binney to remove the hard drive and would not have authorized her to do if she had made such a request. They also testified that Binney's hard drive contained several pieces of critical business information that were not kept on Banner's servers.

Both Maroney and Binney testified to the tension and mistrust between Binney and the other shareholders and officers at Banner, created in part by the discovery of her personal copyright on the web site and in the catalogs in March 2003. The removal of the hard drive on 4 April 2003 took place only days after Binney and Maroney had a heated confrontation over the copyright issue and other matters. Whether Binney believed in good faith that she had a personal copyright interest in the materials is irrelevant; she never asked for nor received permission to assert a personal claim on the company's property by including the copyright statements. In fact, the transcript reveals that her only justification for doing so was a "personal decision." We conclude that the findings support the conclusion that Binney's assertion of a personal copyright on the company web site

and in its printed catalogs, without the employer's prior knowledge or authorization, satisfies the requirements of N.C.G.S. § 96-14(2).

In this context, both Binney's removal of the hard drive and her assertion of the copyright without seeking and receiving permission to do so support the conclusion that her conduct evidenced a deliberate disregard "of standards of behavior which the employer has the right to expect of his employee." *See* N.C.G.S. § 96-14(2). We hold that the ESC properly found and concluded that work-related misconduct was the basis of Binney's termination. Thus, the ESC's decision to deny unemployment benefits to Binney was correct, and the Court of Appeals erred in reversing the superior court's affirmance of the ESC's decision. We reverse the Court of Appeals as to this issue and instruct that court to reinstate the judgment of the trial court. The Court of Appeals' decision regarding the ESC's cross-assignment of error is not before this Court, and that court's decision as to that issue remains undisturbed.

REVERSED.