IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-440

Filed 18 March 2026

Randolph County, No. 24CVS001694-750

GARRETT PHLLIPS, Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY and EVANS AIR SERVICES, INC., Respondents.

Appeal by respondent North Carolina Department of Commerce, Division of Employment Security, from order entered 23 January 2025 by Judge Troy J. Stafford in Randolph County Superior Court. Heard in the Court of Appeals 15 October 2025.

*Chynna T. Smith and Sharon J. Martin for respondent-appellant North Carolina Department of Commerce, Division of Employment Security.*

*Legal Aid of North Carolina, Inc., by Benjamin Holt, Ida T. Baker, John R. Keller, Richard M. Klein, and Celia Pistolis, for petitioner-appellee.*

GORE, Judge.

This appeal arises from the Division of Employment Security's determination that petitioner Garrett Phillips was disqualified from receiving unemployment benefits. The Randolph County Superior Court reversed, concluding that Phillips had been discharged without misconduct and was therefore qualified. The Division appeals. Jurisdiction lies with this Court pursuant to N.C.G.S. §§ 7A-27(b) and 96-15(i). Because the Division's binding findings establish that Evans Air Services, Inc. ("Employer") ended Phillips's employment on 21 February 2024, and no misconduct

was found, we affirm the order of the superior court.

**I.**

Petitioner Garrett Phillips began working as a lead installer for Employer in September 2023. On 16 February 2024, after seeing an online job posting for his same position, Phillips sent a text message to owner Lisa Evans stating, "Consider this my 2 weeks notice. My final day of employment will be [M]arch 1st." Phillips gave this notice to comply with Employer's written policy requiring two weeks' notice for voluntary resignations.

Over the weekend, Phillips reconsidered his decision. On 19 February 2024, he sent another text to rescind his resignation and requested a meeting with both owners, which they scheduled for 21 February 2024. Phillips worked on 19 February 2024 and 20 February 2024 without incident. At the 21 February 2024 meeting, the owners refused to accept his rescission, informed him they would not permit him to work through his notice period, and ended his employment effective immediately, without paying wages for the remainder of the notice period.

Phillips filed a claim for unemployment benefits effective 3 March 2024. A claims adjudicator determined he was disqualified, and an appeals referee affirmed, concluding he had left work without good cause attributable to the employer. The Board of Review affirmed the disqualification in Higher Authority Decision No. 24-HA-001100 on 10 July 2024, holding Phillips ineligible under N.C.G.S. § 96-14.5(a) because he left work voluntarily.

On 8 August 2024, Phillips petitioned for judicial review in Superior Court, Randolph County. After a hearing on 13 January 2025, the trial court entered an order on 23 January 2025 reversing the Board's decision and concluding Phillips was discharged without misconduct and therefore qualified for benefits under N.C.G.S. § 96-14.6. The Division timely noticed appeal to this Court on 21 February 2025.

**II.**

"The standard of review in appeals from the [Division], both to the superior court and to the appellate division, is established by statute." *Binney v. Banner Therapy Prods., Inc.*, 362 N.C. 310, 315 (2008). N.C.G.S. § 96-15(i) provides that "the findings of fact by the Division, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."

Thus, "this Court, like the superior court, will only review a decision by the [Division] to determine 'whether the facts found by the [Division] are supported by competent evidence and, if so, whether the findings support the conclusions of law.'" *Reeves v. Yellow Transp., Inc.*, 170 N.C. App. 610, 614 (2005) (citations omitted). Unchallenged findings are binding; the court may not reweigh evidence or find facts for itself. *See Edgecombe Cnty. Dep't of Soc. Servs. v. Hickman*, 211 N.C. App. 176, 179 (2011). After confirming the findings are supported, the court determines whether the law applied to those facts supports the decision. *Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 364 (1982).

On appeal from the superior court, this Court applies the same standard used by the superior court—i.e., whether the Division's findings are supported by any competent evidence and whether those findings support the conclusions of law. *See King v. N.C. Dep't of Com.*, 228 N.C. App. 61, 62 (2013). The Division's conclusions of law are reviewed de novo. *Id.*

**III.**

The Employment Security Law requires classification of a claimant's separation as either a voluntary leaving under N.C.G.S. § 96-14.5 or a discharge under § 96-14.6.

The Division expressly found that on 21 February 2024 Employer informed Phillips that it "did not need him to work out his two-week notice period" and made the separation "effective February 21, 2024," without paying him for the balance of the notice. A separation that occurs at the employer's initiative and results in the employee's immediate loss of wages is a discharge within the meaning of § 96-14.6.

The Board nevertheless evaluated Phillips's claim under § 96-14.5, reasoning that because his claim became effective 3 March 2024, the operative separation must be his resignation notice of 16 February 2024. That reasoning is flawed. The statute directs adjudicators to determine the actual cause of separation, not to fix the characterization by the effective date of the claim. *See* N.C.G.S. § 96-14.1(c). By its own findings, Phillips did not "leave work"; rather, Employer ended the employment relationship on 21 February 2024.

The Division also argues the superior court erred by treating the second sentence of FOF 4—reciting the handbook policy—as a conclusion of law. Even if that determination was correct, the point is immaterial. FOF 12 independently establishes an employer-initiated separation effective 21 February, which compels discharge analysis. Thus, any dispute about FOF 4 does not alter the outcome.

Because the Division's own FOF 12 establishes an employer-initiated separation effective 21 February, the separation must be analyzed as a discharge under § 96-14.6. The superior court correctly held that the Board applied the wrong statutory provision.

## IV.

Because the Division's own FOF 12 establishes this case as a discharge—notwithstanding its arguments about FOF 4—the only remaining question is whether Phillips was discharged for misconduct.

Under N.C.G.S. § 96-14.6(a), an employee discharged for misconduct connected with the work is disqualified from benefits. The employer bears the burden of proving misconduct. *Hagan*, 57 N.C. App. at 365. "Misconduct" requires "a wanton or [willful] disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent." *Intercraft Indus. Corp. v. Morrison*, 305 N.C. 373, 375 (1982).

Here, the Division made no findings that Phillips engaged in misconduct. He was never disciplined, and the Division found the employer ended the employment on 21 February and declined to allow him to work or to pay the balance of the notice

period. An employer's decision to end a notice period early, without more, is not employee misconduct.

Because the employer did not carry its burden, Phillips's discharge does not disqualify him from benefits under § 96-14.6.

## V.

Accepting the Division's findings as binding, N.C.G.S. § 96-15(i), the record establishes an employer-initiated separation effective 21 February 2024. That separation is a discharge governed by § 96-14.6. The Division made no findings of misconduct; the employer therefore did not carry its burden to disqualify Phillips. The superior court correctly applied the law to the Division's findings.

AFFIRMED.

Judges COLLINS and STADING concur.